RICHARDS *v.* STATE.

Opinion delivered April 28, 1913.

1. CRIMINAL LAW—DELIBERATIONS OF GRAND JURY—STENOGRAPHER PRESENT.—It is not error for the trial judge to refuse to quash an indictment under section 2211 of Kirby's Digest, on the ground that the stenographer of the prosecuting attorney was in the room while the grand jury was examining witnesses, when it appears that the stenographer mereely took notes in shorthand for the prosecuting attorney, and was not in the room when the grand jury was either deliberating or voting on the charge. (Page 89.)

2.   FORMER CONVICTION—BURDEN OF PROOF.—Where a defendant inter-
     poses a plea of former conviction as a bar to a prosecution, the
     burden is upon him to show that the offense charged in the in-
     dictment was the same as that for which he was previously con-
     victed.   (Page 90.)

3.   FORMER CONVICTION—WHEN NO DEFENSE.—A plea of former con-
     viction to an indictment will not be held good when the circum-
     stances attending the former conviction, which was before a jus-
     tice of the peace, show collusion and an intent to elude prosecu-
     tion by the State.   (Page 91.)

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; affirmed.

*J. L. Taylor* and *F. G. Taylor,* for appellant.

1.   The motion to quash the indictment should have been sustained.   The law does not authorize the presence of any person in the grand jury room besides the jurors themselves, the prosecuting attorney and the witness. Kirby's Dig., § 2211.

2.   The plea of former conviction should have been sustained.   Instruction 4 was erroneous, because there was no evidence of collusion, and it is elementary that one has the right to plead guilty to an offense to avoid prosecution.   43 Ark. 68; 72 Ark. 419.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

1.   Under the evidence adduced, the motion to quash was properly overruled.   62 Ark. 516, 535.   The presumption of regularity of proceedings of the grand jury will stand until overcome by proof, the burden of which is on the defendant.   96 Ark. 628.

2.   The plea of former conviction is not sustained by the evidence.   Instruction 4 is correct.   96 Ark. 203, 205; 32 Ark. 726; 70 Ark. 74.

KIRBY, J.   This appeal comes from a judgment of conviction upon an indictment for gaming.   Appellant moved to quash the indictment because of the presence of a stranger in the grand jury room during the examination of the charge against him and plead former conviction on the trial.   The testimony shows that Arthur Dun-

naway was employed by the prosecuting attorney of the district as a stenographer, and was present to take down the testimony of the witnesses before the grand jury, and report it to him, and instructed that he should not be present while the grand jury was deliberating or voting upon any charge. The statute provides that no person except the prosecuting attorney and the witnesses under examination are permitted to be present while the grand jury are examining a charge and no person whatever shall be present while the grand jury are deliberating or voting upon a change. Section 2211, Kirby's Digest.

The testimony shows that Dunnaway was present in the grand jury room in the employ and under the direction of the prosecuting attorney, and took in shorthand, the testimony of the prosecuting witness, who stated that he saw the young man in the grand jury room, but that he did not hear him say anything or see him do anything but make notes of the testimony as a stenographer would do. He was not the deputy of the prosecuting attorney, but was present under his direction and acting for him, taking the entire testimony of the witnesses that the prosecuting attorney might be fully advised of the proof upon the charge. It is not contended that he was present when the grand jury were deliberating or voting on the charge, nor does it appear that anything was said or done by him calculated to in any way influence the grand jury.

If it is desirable that the testimony of witnesses before the grand jury be taken in shorthand and reported in full to the prosecuting attorney in order to further the ends of justice, it would be better be done by a stenographer authorized by law to take such testimony and acting under the sanctity of an oath not to disclose any of the secrets thereof, still, we do not think, under the circumstances of this case, that the court erred in overruling the motion to quash the indictment because of his presence in the grand jury room during the examination of witnesses in the capacity in which he was acting, it not appearing that he was present while the grand jury was

deliberating or voting on the charge. *Bennett* v. *State,* 62 Ark. 535; *Wilfong* v. *State,* 96 Ark. 628.

It is next contended that the plea of former conviction should have been sustained. The indictment was returned on the 23d day of January, 1913, and charged the appellant with the offense committed as of about June 1, 1912. The plea of former conviction states that he was on the 15th day of December, 1912, convicted of the same offense before a justice of the peace, who had jurisdiction, and fined the sum of $10; a certified copy of the judgment of conviction being attached to the plea which further recited, "that on the same day he entered pleas of guilty for gaming eleven other times before said justice of the peace, and that the cases thereby made are now pending before him." The testimony shows that appellant went to the justice of the peace and plead guilty, and paid the constable a fine of $10, that he was under the impression that he plead guilty for gaming twelve times, and said to the justice, "You fine us in the case in which you think we are guilty; we are not guilty in all of these, but will leave it up to you." He stated further that he had understood that a certain man in the town was not friendly to him and would report him to the grand jury, and he went to the gentlemen that were implicated with him and said to them, the best thing for us to do is to plead guilty and settle this, and went to Mr. Gilbert, the justice, and told him he wanted to plead guilty to gaming.

The justice testified that the defendant entered a plea of gaming more than one game, and he told him he would let him off for one fine this time, but if he was before him again he would fine him for every offense, and would make it stick, too; that he had just been appointed justice of the peace, and did not have books for records, and did not enter the other pleas of guilty on the docket because he did not think there was room for them; that he had other cases pending and needed the space to enter up the judgments therein. No session of the court was held, no affidavits were filed, neither the appellant nor

his witnesses were sworn. The justice said further that the appellant entered the pleas of guilty to escape the grand jury indictment. There is only shown to have been one plea of guilty and conviction thereon, and it was evidently made with the intention of avoiding or escaping indictment by the grand jury for a similar charge, and it does not appear that this conviction was even regular. *Bradley* v. *State,* 32 Ark. 726.

The jury could well have found that the prosecution before the justice of the peace, if it can be called such, was under circumstances showing collusion and an intent to elude a prosecution by the State, and such a prosecution would be no bar to an indictment for the same offense, neither did the court err in giving instruction No. 4, relative thereto, said instruction being a copy of one approved in *State* v. *Caldwell,* 70 Ark. 74. The facts in this case are unlike the cases of *State* v. *Nunnelly,* 43 Ark. 68, and *Bryant* v. *State,* 72 Ark. 419, relied upon by appellant. In each of those cases, the defendant was charged with but one offense, and evidence relating to several different acts of like kind during the time for which he could have been convicted of such offense was introduced and no election made by the prosecuting attorney, and all the offenses having been before the jury, he could have been convicted of either upon the testimony, and a former conviction is a bar to all subsequent indictments for an offense of which the defendant might have been convicted under the charge and testimony in the first case.

Having interposed a plea of former conviction as a bar to the prosecution, the burden of proof was upon appellant to show that the offense charged in the indictment was the same as that for which he had been previously convicted, and this the jury found he failed to do. *Jacobs* v. *State,* 100 Ark. 595.

Finding no prejudicial error in the record, the judgment is affirmed.