Daniel Leslie HARTMAN *v.* STATE of Arkansas

CR 75-133                                                     530 S.W. 2d 366

Opinion delivered December 15, 1975

*Harold Hall*, Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Jackson Jones*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant Hartman and three others, Emerson, Roberts, and Whitehead, were convicted by the court, sitting as a jury, of possession of marijuana with intent to deliver. Ark. Stat. Ann. § 82-2617 (Supp. 1973). They were sentenced to five years imprisonment in the Arkansas Department of Correction. Appellant's sole point for reversal

is that the evidence is insufficient to support the verdict as to Hartman's participation. We cannot agree when we consider the evidence, which is substantial, in the light most favorable to the appellee as we must do on appeal. *Haynie* v. *State*, 257 Ark. 542, 518 S.W. 2d 492 (1975).

Undercover agents testified they made a deal with Roberts to purchase twenty pounds of marijuana. Roberts advised them that he could make delivery at a certain time and at a designated location. The two agents picked Roberts up at his home and proceeded to this site where Emerson and Hartman arrived in a car driven by Emerson. The officers refused Emerson's request to go somewhere else to get the marijuana. Thereupon, Emerson and Hartman left with Emerson driving and advising "they" would be back. They returned a short time later in another car, driven by Emerson, with Hartman in the front seat and Whitehead sitting in the back seat. The occupants then got out of the car. Emerson and Hartman went to the trunk of the car where they "looked into" and "fooled around with the trunk." Emerson removed a box from his car trunk and put it onto his car seat where it was examined by the officer and then transferred by Emerson to the undercover agent's car. Thereupon, the officers arrested the appellant and his codefendants. There was no money exchanged during the transaction. There was no testimony that the defendant Hartman talked to the officers, drove either of the cars involved, or transferred the marijuana from one car to the other.

The distinction between accessories and principals has been abolished in all criminal cases and accessories are punished as principals. Ark. Stat. Ann. § 41-118 (Repl. 1964). *Murrah* v. *State*, 253 Ark. 432, 486 S.W. 2d 897 (1972). In the case at bar, the evidence is amply sufficient from which the trial court, the trier of the facts, could reasonably infer that the appellant, being present on two occasions, was an active participant in the alleged offense.

Affirmed.