Muhammad DAWAN *v.* STATE of Arkansas

CR 90-75                                             795 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered September 17, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Judy Rudd*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

DAVID NEWBERN, Justice. Muhammad Dawan was sentenced to imprisonment for 33 years upon being convicted of burglary, theft, and second degree assault. The crimes arose from a single incident or series of incidents. Dawan's appeal of the burglary and theft convictions is solely on the basis of insufficiency of the evidence. We agree with the trial court's conclusion that the evidence was sufficient and find no error in the overruling of Dawan's motion for a directed verdict. The judgment is affirmed.

On the evening of May 8, 1989, after dark, officers Smith and King observed a gold colored Datsun car on the parking lot of the Hackman Paint and Supply Store at 714 Ringo in Little Rock which is in an area where businesses are not open at that time of the evening. The car left the parking lot and began driving away without lights. Officer King testified that the car was "fleeing" from the parking lot.

The officers followed the Datsun, and the driver of the Datsun began to take evasive action, winding up at a dead end in the lot of a car dealership. Ron Stout, the passenger in the Datsun, got out of the car and ran. He was chased down by Officer King. Officer Smith approached the Datsun which was being driven by Dawan. He asked Dawan to get out of the car. Dawan said he would, but he was trying to get the car into reverse gear. He succeeded and began backing the car up. To avoid being struck by the open driver's side door, Smith was forced to jump over another nearby vehicle, injuring his leg in the process.

Dawan drove the car into several other vehicles on the lot and finally stopped. Officer Smith arrested him. Found in the Datsun were a number of tools, such as air brushes and air sanders, which had been stolen that evening from the Hackman store.

Stout testified that he had burglarized the store and had only asked Dawan to help him pick up some tools that belonged to him and that Dawan was unaware of the burglary. On cross-examination, however, Stout admitted that he had stated at a hearing at which he pleaded guilty that he had assisted Dawan in burglarizing the hardware store.

Dawan's point is that no one testified directly that Dawan participated in the burglary and he should not have been convicted solely on the basis of having been driving the car in which the tools were found.

■ In reviewing sufficiency of the evidence, we consider the evidence in the light most favorable to the state and affirm if there is substantial evidence to support the verdict. *Davis* v. *State*, 284 Ark. 557, 683 S.W.2d 926 (1985). Circumstantial evidence may constitute substantial evidence. *Still* v. *State*, 294 Ark. 117, 740 S.W.2d 926 (1987). The circumstances in this case constituted sufficient evidence to sustain the conviction.

■ The inference that Dawan knew the origin of the tools in his car could be drawn from the fact that he attempted to flee from the officers. Flight from the place where a crime has been committed may be considered as evidence of guilt, *Jones* v. *State*, 282 Ark. 56, 665 S.W.2d 876 (1984), as may being found in possession of stolen property. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). In addition, the jack which was found at the scene of the burglary and which apparently was used to break the plate glass window of the store was of the type normally found in a Datsun.

Through the cross-examination of Smith, the jury also learned that in another proceeding Smith had clearly implicated Dawan in the commission of the burglary and theft.

Affirmed.