Barbara Evelyn MOORE *v.* STATE of Arkansas

CR 90-135 801 S.W.2d 638

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Karen R. Baker*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant, Barbara Moore, appeals from a conviction of multiple felonies resulting in a collective sentence to a term of 42 years. She was convicted of possession of methamphetamine, criminal possession of explosives, felony possession of firearms, and criminal use of prohibited weapons.

The charges against the appellant were joined with similar charges against her husband, Allen Rene Moore. Following the joint trial, Mr. Moore was also convicted, and his sentence was affirmed by this court on November 5, 1990. *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990).

The appellant argues eleven points of error in seeking a reversal, none of which merit reversal of the convictions.

On February 12, 1989, the Clinton Police Department received a report that a man and woman in a U-Haul truck had given two different names while inquiring about rental property. Later on the same date, Officer Dewey, while patrolling U.S. Highway 65, noticed the U-Haul truck occupied by the Moores. Dewey had received information earlier in the day about a couple in a U-Haul truck, but he testified that his attention was drawn to the truck in this instance because the vehicle was crossing the highway center line in an unusual and dangerous manner.

Officer Dewey stopped the truck, and when neither the appellant nor her husband could produce a vehicle operator's license, they were taken to the local Sheriff's Department. There they were turned over to the sheriff and Officer Barnett. Upon Officer Barnett's request, Mr. Moore gave permission for a search of the truck for identification. When the officers found a gas mask, they terminated the search and notified State Police investigators. About 10:15 p.m. Investigator Rodney Combs of the

Arkansas State Police arrived and was advised that Mr. Moore had consented to a search of the vehicle. Officers raised the back door of the truck and discovered containers of chemicals. There was a heavy odor of phenylactic acid, one of the chemicals used in making amphetamine and methamphetamine.

The appellant and her husband were then arrested and read their Miranda rights. Mr. Moore signed a consent form for searches of the truck and the parties' motel room. A further search of the U-Haul vehicle produced firearms, explosives, chemicals, and laboratory equipment. Based on information received from Allen Moore, the police located a drug laboratory in Stone County on the following day.

## I.

The appellant first argues that Officer Dewey was unqualified and that all of the evidence obtained as a result of her arrest should have been suppressed.

The same argument was asserted in *Moore* v. *State*, and we there held that although the initial arrest was by an uncertified officer, that arrest was for a traffic violation. All of the subsequent actions were taken by qualified officers, and all searches were made pursuant to consent granted.

The statute in force at the time provided that any action taken by an unqualified officer shall be invalid. In construing the statute, we have held that the "charge" made by an unqualified officer would be invalid. *Grabel* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989). The charges asserted against the appellant were by prosecutor's information, not an officer's citation. We therefore are not concerned with the validity of the charging instrument and decline to apply the exclusionary rule. For a full discussion of this point, *see Moore* v. *State*, 303 Ark. at 517.

## II.

The appellant next argues that the evidence obtained flowed from a pretextual arrest and should have been suppressed. This issue was not properly raised below or preserved for appeal, and we decline to consider arguments not properly raised before the trial court. *Moore* v. *State*, 303 Ark. at 518.

## III. & IV.

The appellant asserts in her third point for reversal that the trial court erred in failing to suppress as involuntary the statements made by her husband. She claims, in her fourth point, that the evidence obtained through those statements should have been suppressed.

■■ Both of these issues are without merit. The appellant is without standing to object to alleged violations of the rights of a co-defendant. We have often said that the right against self-incrimination is a personal right not available to a co-defendant. *See Scherrer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988). Also, an accused can only invoke the exclusionary rule to suppress evidence where his or her own constitutional rights have been violated. *Goodwin v. State*, 295 Ark. 385, 749 S.W.2d 657 (1988).

The appellant insists that this case is distinguishable from *Scherrer* in that these co-defendants were tried together rather than in separate trials. No cases are cited by the appellant in support of her argument, and such a distinction does not appear to be supported by the language of the Arkansas cases. *See Mock v. State*, 19 Ark. App. 280, 725 S.W.2d 1 (1986), where three defendants were jointly tried, and each was found to have no standing to assert the Fourth Amendment rights of the others.

## V.

The appellant next contends that the trial court erred in not suppressing statements of the co-defendant that may have implicated her with respect to the charge of criminal possession of explosives.

The appellant filed a timely motion seeking to suppress all of her co-defendant's statements which implicated her in the various crimes charged. The trial court granted the motion only insofar as the co-defendant's statements detailed a principal role by the appellant.

■ The appellant, under the court's ruling, would have been entitled to have any reference to her criminal activity deleted from the co-defendant's statements. *See Moore v. State*, 279 Ark. 296, 761 S.W.2d 894 (1988); *see also Richardson v.*

*Marsh*, 481 U.S. 200 (1987). However, in this instance there is no showing that the appellant ever pursued this matter any further after submitting the general motion to suppress. Nor is there a showing that she objected when the statement was admitted into evidence or requested that specific or implied references to her be expunged before introduction of the statement by the state. It cannot be said that the *entire* statement of Allen Moore was inadmissible; therefore, the appellant had the burden of pointing out any alleged inadmissible portions at or prior to the admission of the statement. *See Vasquez v. State*, 287 Ark. 468, 701 S.W.2d 357 (1985). Having failed to meet this burden, the appellant is unable to present a meritorious argument on this point.

## VI.

For her sixth point of error, the appellant argues that the trial court should have suppressed the evidence seized from the U-Haul vehicle and motel room because that evidence was obtained in violation of her constitutional rights.

██ The appellant made a timely motion to suppress the evidence seized from the vehicle and trailer and that motion was denied. No specific request for suppression of the evidence secured from the motel room was ever made by the appellant, and any objection in that regard is therefore not preserved for appeal. Only specific objections made at trial are preserved for appeal. *Parrette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). Further, the appellant has no standing to contest a search of the U-Haul vehicle since there was no showing that she had a proprietary interest or legitimate expectancy of privacy in it. *See Fernandez v. State*, 303 Ark. 230, 795 S.W.2d 52 (1990).

█ On the merits, it is clear that the searches of both the vehicle and motel room were conducted with the consent of Allen Moore and do not violate the Fourth Amendment rights of this appellant. Arkansas Rule of Criminal Procedure Rule 11.1; *Alford* v. *State*, 291 Ark. 243, 724 S.W.2d 151 (1987).

## VII.

The appellant contends that the court erred in denying her motion to suppress a plastic vial seized in a search of her person conducted at the police office. The record, viewed in the light most favorable to the appellee, shows that the appellant was arrested at

the sheriff's office and that a search of her person was conducted by a matron after the arrest.

 A search incidental to a lawful arrest is a valid search. *See* Arkansas Rules of Criminal Procedure Rule 12.1. In any event, a search of the person, when performed substantially contemporaneously with the arrest, is permissible. *See Horton* v. *State*, 262 Ark. 211, 555 S.W.2d 226 (1977). The appellant's argument on this point is without merit.

## VIII.

The eighth assignment of error is an assertion that the trial court should have granted the appellant's motion for a mistrial. The counsel for co-defendant Allen Moore, asked Officer Combs, during cross-examination, what evidence he had to show that Allen Moore was manufacturing methamphetamine. After listing the evidence, the officer, when pressed, said there were "other considerations." Counsel then responded, "Well, I'm sure if they [the other considerations] were for him [Allen Moore] you would be telling us about — against him you'd be testifying to them?" The state objected, asserting that the door had been opened for the state now to inquire concerning the defendant Allen Moore's prior criminal record, and the court disagreed. However, the state requested that the jury be admonished and the appellant made no objection to the giving of an admonition. The court then made the following statement to the jury:

> THE COURT: Ladies and gentlemen of the jury, there has been some interchange here between attorney and witness regarding other considerations and Mr. Foster, the Prosecuting Attorney, has objected to Mr. Lewis's referral to these matters and this witness said that there are other considerations, but there are certain legal rules of evidence that keeps him, at this point in time, from telling you about those other considerations. It's not because it's injurious to the State of Arkansas. It's just a rule of evidence that doesn't allow him to go any further than he has gone. Now, if Mr. Lewis and Ms. Baker continue to pursue this matter, then this Court may very well rule that they have opened the door and I'll let this man tell other things that he has no right to tell at this point in time. So I hope you understand that. . . . (TR. 394, 395.)

■ It is not clear from the record that the appellant ever stated specifically her objection, except that the admonition was a "comment on the evidence." Clearly, the trial court properly instructed that the jury was not to concern itself with the court's rulings on evidentiary matters. Any objectionable comment should have at that time been clearly and timely brought to the attention of the trial court. *See Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1986). There is no constitutional prohibition against the trial court commenting on the law as opposed to the facts. *McGirt* v. *State*, 289 Ark. 7, 708 S.W.2d 620 (1986).

■ The instruction by the court was proper and a correct statement of existing law. The line of questioning by the co-defendant's counsel was at the threshold of an "opening of the door" to allow the state to introduce evidence not otherwise admissible. *See Clark* v. *State*, 292 Ark. 69, 727 S.W.2d 853 (1987). It is the role of the trial court to maintain the impartiality of a trial, and, unless he clearly exceeds proper bounds in carrying out that role, the appellate court will not reverse. *See Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 305 (1980).

■ The granting of a mistrial is an extreme remedy which will be resorted to only where there has been an error so prejudicial that justice cannot be served by continuing the trial. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989). No such prejudice is shown here.

## IX.

For her ninth point of error, the appellant contends that Ark. Code Ann. § 5-73-104 (1987), the statute defining the offense of criminal use of a prohibited weapon, is unconstitutionally vague. The thrust of the appellant's argument is that the statute refers to a "sawed-off shotgun" without defining the weapon so qualifying.

■ A statute will not be declared unconstitutional unless it clearly and unmistakenly conflicts with the Constitution. *Board of Trustees* v. *City of Little Rock*, 295 Ark. 585, 750 S.W.2d 950 (1988). A statute meets a due process challenge of vagueness if the statute is clear enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for police enforcement and for ascertainment of guilt. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984).

 Without question, the barrel of the shotgun found in the vehicle occupied by the appellant had been "cut-off," and the extent to which it had been shortened is not relevant to this prosecution. This court considers words in a statute by giving them their usual and ordinary meaning. *Cozad v. State*, 303 Ark. 137, 792 S.W.2d 606 (1990). A shotgun with a barrel shortened by cutting off a portion thereof constitutes a "sawed-off shotgun." The appellant's challenge to the statute is meritless.

## X.

The appellant next contends that the trial court should have granted her motion for directed verdict on the charge of possession of a controlled substance.

The record reflects that at the close of the state's case, the appellant moved for a "directed verdict on each of the other charges . . . on the basis that the state has not substantiated their case." On appeal, the appellant now contends with specificity that: first, the state failed to prove the appellant actively or constructively possessed methamphetamine since some of the substance was found in a motel room, and no additional factors were shown to connect the appellant to the substance; and second, the state failed to show the substance was in a "usable amount." *See Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990).

 Under a general motion for a directed verdict, these specific objections now being made were presumably not considered by the trial judge as there is no such indication in the record. The specific objections were not properly submitted with a fair opportunity for consideration by the trial court, and we will not now consider them upon appeal. *Abernathy* v. *State*, 278 Ark. 250, 644 S.W.2d 590 (1983). *See also Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990).

 Even if we should reach the merits of the appellant's contention, a vial containing 100 milligrams of methamphetamine was seized from the appellant's person during a search at the jail. That fact, standing alone, is sufficient to overcome a general motion for directed verdict as made by the appellant.

## XI.

Finally, the appellant argues that a verdict should have been directed for her on the charges of felon in possession of a firearm, criminal use of a prohibited weapon, and criminal possession of explosives.

These counts were the "other charges" referred to by the appellant in making her general motion for directed verdict at the close of the state's case. This is the same argument as that advanced in the appellant's Point X, and the same holding applies here: the argument is not preserved for appellate review. In any event, the evidence submitted on each charge is abundantly sufficient to sustain a jury's finding of guilt.

It is uncontroverted that the appellant was a felon; that the appellant was a joint occupant of the premises where the contraband was discovered; and the appellant was an occupant of the vehicle containing the contraband. She was the wife of the co-defendant who was operating the vehicle. The U-Haul vehicle had been rented in Texas, and the appellant had been traveling with her husband. Officers found weapons in the vehicle in plain and unobstructed view. They also discovered drugs and drug paraphernalia in the motel room where the appellant had been staying. The U-Haul vehicle contained the explosives, the sawed-off shotgun, and the chemicals utilized in making methamphetamine. Finally, a vial containing methamphetamine was discovered on the appellant's person when she was searched.

Taken collectively, all of the evidence was sufficient to create an inference of knowledge and joint possession and thus to sustain the jury's verdict. *See Hartman* v. *State*, 258 Ark. 1018, 530 S.W.2d 366 (1975).

Affirmed.