Carl PRINCE *v.* STATE of Arkansas

CR 90-184 805 S.W.2d 46

Supreme Court of Arkansas
Opinion delivered March 4, 1991.

*David L. Dunagin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Carl Prince was charged as a habitual offender with the burglary of the Fort Smith Medi-Sav Pharmacy and with theft of property valued in excess of $200.00. He represented himself at trial and was convicted of all counts and sentenced to fifty-five years. None of the six points for reversal have merit.

## I

### *The Information*

■ Prince contends the information is fatally flawed because it failed to conclude each count with a contra pacem clause ("against the peace and dignity of the State of Arkansas"), as required by Ark. Const. art. 7, § 49. The information was a printed form and the clause was printed on the lower portion of the page as in *Caldwell* v. *State*, 295 Ark. 149, 747 S.W.2d 99 (1988). However, we will not address this allegation because the proper time to object to the sufficiency of an indictment or information is prior to trial, Ark. Code Ann. § 16-85-705 (1987), whereas Prince's objection was first raised in a post-trial motion. *Rogers* v. *State*, 289 Ark. 257, 711 S.W.2d 461 (1986).

## II.

### *Discovery*

■■ Prince argues the state failed to comply with discovery under Ark. R. Crim. P. Rules 17 and 19. However, with one possible exception, he made no objection at trial to the alleged failures. He did object to the state calling a witness late in the case, but on a basis wholly different from the one now argued. His objection to the trial judge was that he could have obtained a fingerprint expert to challenge the testimony of this witness. His other objections, made for the first time after trial, cannot be considered on appeal. *See Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990). Moreover, Prince did not explain how he was prejudiced at trial by any of the avowed discovery violations. Without a showing of prejudice, this court will not reverse. *Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94 (1990).

## III.

### *Trial Preparation*

█ Prince alleges that he was deprived of access to law books, evidence and witnesses to prepare for trial which denied him of his "Constitutional right to due process of law in a fair trial." The state contends Prince is procedurally barred from asserting this issue on appeal because he did not specifically raise it before the trial court. The state is essentially correct, though Prince did request access to law books and the telephone in two letters to the trial judge and in a pretrial hearing. Even so, no reversible error has been shown. Prince waived his right to counsel, but David Dunagin, Deputy Public Defender, was appointed to advise him and obtain legal materials for him. Additionally, the trial court allowed Prince to make telephone calls to witnesses, however, he chose to contact only one witness, his father, whom he also interviewed in person. This satisfies the requirement that the accused have access to adequate libraries or adequate assistance of persons trained in the law. *See United States* v. *West*, 557 F.2d 152 (8th Cir. 1977); *United States* v. *Sammons*, 918 F.2d 592 (6th Cir. 1990); 2 J. Cook, *Constitutional Rights of the Accused* § 8.2 n.6 (2d ed. 1986).

## IV.

### *Evidence*

█ Prince claims the trial court erred in admitting into evidence certain pharmaceutical substances seized by the police in a search of a cabin owned by Mr. Eugene Blackwell, the father of Prince's girlfriend, Melody Blackwell. According to Prince, it was error to admit the controlled substances because they were found in a shed on the Blackwell property and, hence, beyond the scope of the consent search of the Blackwell cabin. But Prince did not request suppression of the drugs due to an illegal search and seizure, and "[o]nly specific objections made at trial are preserved for appeal." *Moore* v. *State*, 304 Ark. 257, 801 S.W.2d 638 (1990).

█ Prince also contends the trial court erred in admitting the pharmaceutical substances because they were irrelevant and their prejudicial effect outweighed any probative value under Ark. R. Evid. 403. Jimmy O'Quinn, a Medi-Sav pharmacist,

testified that the pharmaceutical substances recovered from the Blackwell property had been stolen from the Medi-Sav Pharmacy on February 7, 1989. Bill Hollihan, a detective with the Fort Smith Police Department, linked the substances to Prince. Hollihan testified that one vial containing drugs was found in the Blackwell residence where numerous items of Prince's clothing were also found and the remainder of the controlled substances was found in Blackwell's shed in a cardboard box with Prince's name and address on it.

The trial court has discretion in the admission of evidence and we do not reverse unless an abuse of discretion has been shown. *Hughs v. State*, 303 Ark. 340, 797 S.W.2d 419 (1990). No abuse has been shown by the acceptance of this evidence, which had obvious probative value.

## V.

### *Affirmative Defense*

Prince contends he should have been allowed to present evidence that he was acquitted of the charge of possession of the drugs in an earlier trial in Crawford County. Hence, he maintains that he had an affirmative defense of collateral estoppel. The argument is based on the premise that Prince was acquitted of the drug possession charge, because a former prosecution is an affirmative defense if it resulted, among other things, in an acquittal. Ark. Code Ann. § 5-1-113 (1987); *Bly v. State*, 267 Ark. 613, 593 S.W.2d 450 (1980). But during a pretrial hearing Prince repeatedly insisted that the Crawford County trial had ended in a hung jury, which is not the equivalent of acquittal for purposes of establishing a former jeopardy or collateral estoppel to bar retrial. 3 W. LaFave and J. Israel, *Criminal Procedure* § 24.2(b) (1984); *Young v. State*, 287 Ark. 361, 699 S.W.2d 398 (1985). Moreover, while Prince did argue to the trial court that he had been acquitted, he failed to offer any evidence and his unsupported assertion is the only indication of acquittal in the record. Since a plea of former acquittal or conviction is an affirmative defense, the burden is on the accused to sustain the plea. *Richards v. State*, 108 Ark. 87, 157 S.W. 141 (1913). The accused "must prove not only the former jeopardy conviction, or acquittal, but also the identity of the offenses and the jurisdiction of the court in the former trial." 21 Am Jur. 2d

*Criminal Law* § 466 (1981). Since the record does not reflect evidence of Prince's acquittal beyond his own contention, it was not error to exclude it.

## VI.

### *Motion for a Directed Verdict*

 Prince submits the trial court erred in refusing to direct a verdict on the burglary and theft of property charges. Motions for directed verdict are challenges to the sufficiency of the evidence and on appellate review we determine whether the verdict is supported by substantial evidence. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Whether direct or circumstantial, substantial evidence must be of sufficient force that it compels a conclusion with reasonable and material certainty. *Id.* In deciding whether there is substantial evidence to support the verdict, the evidence is reviewed in a light most favorable to the appellee. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977). We need to consider only that evidence which supports the verdict of guilt. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983).

 Prince argues the state failed to prove the offense of burglary because it did not show that he unlawfully entered the Medi-Sav Pharmacy. A person commits burglary if that person enters or remains unlawfully in an occupiable structure of another person with the purpose of committing any offense punishable by imprisonment while in the structure. Ark. Code Ann. § 5-39-201 (1987). Melody Blackwell testified that in February of 1989 she and Prince went out driving and stopped on a side street behind the Medi-Sav Pharmacy. After they stopped, Prince got out of her truck and was gone for a short time. When he returned he had a gray bag that contained "bottles and some stuff," and said, "Let's get outta here. Let's go." Blackwell also said she had taken Prince to her father's cabin in Crawford County in February 1989. Detective Hollihan testified about the search of the Blackwell property, in February of 1989, that produced the Medi-Sav pharmaceutical drugs. Prince's clothing was found in Blackwell's cabin where Ms. Blackwell testified he had been staying with her. A cardboard box was found with the drugs on the Blackwell property. The box had Prince's name and current mailing address on it. Jimmy O'Quinn, the store's pharmacist, established that the drugs found on the Blackwell

property were stolen from the Medi-Sav Pharmacy. This evidence, showing Prince was in possession of recently stolen property coupled with the proof of his proximity to the scene of the crime constitute substantial evidence of burglary of the Medi-Sav Pharmacy. *See Dawan* v. *State*, 303 Ark. 217, 795 S.W.2d 50 (1990); *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986).

Prince also contends that the state failed to prove the items stolen had a value in excess of $200.00 or that he ever possessed the items taken from the pharmacy. But Jimmy O'Quinn testified to a value of more than $200.00. His testimony satisfied the value element of the theft charge.

As for the allegation that the state failed to show Prince ever possessed the stolen pharmaceuticals, the facts previously noted support a contrary finding. There was no error in the trial court's failure to direct a verdict in Prince's favor because there was evidence sufficient to support the verdict of guilty on both the burglary and theft of property charges.

Affirmed.