Troy JOHNSON *v.* STATE of Arkansas

CR 91-28                                              810 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered June 3, 1991

*James P. Massie,* for appellant.

*Winston Bryant,* Att'y Gen., *Catherine Templeton,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Troy Johnson was convicted of possession and possession with intent to deliver a controlled substance. On appeal he contends it was error to overrule a motion for a continuance. We hold the Court did not abuse its discretion in refusing the continuance and affirm.

The State had listed undercover agent Tony Garcia as one of its witnesses and had subpoenaed Garcia for a trial to be held April 3, 1990. The case was continued until June 19, 1990, and the State did not subpoena Garcia for the trial which was to be held on the later date.

It is clear from the record that counsel for Johnson knew at least by the preceeding Friday that Garcia was not to appear for the State on Tuesday, June 19, yet no subpoena was issued by the defense.

A section of the original Civil Code, now codified as Ark. Code Ann. § 16-63-402(a) (1987), requires a party moving for a continuance for the purpose of procuring the presence of a witness to file an affidavit showing:

> facts the affiant believes the witness will prove and not merely . . . the effect of the facts in evidence, that the affiant himself believes them to be true and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement.

We apply this statute in criminal cases and will not find an abuse of discretion when there has been no compliance with it. *David* v. *State,* 295 Ark. 131, 748 S.W.2d 117 (1988); *Venable* v. *State,* 260 Ark. 201, 538 S.W.2d 286 (1976). No such affidavit was filed in this case.

As part of his argument under his sole designated point that a continuance should have been granted, Johnson argues Garcia's presence at the trial was necessary to Johnson's conviction. He cites *Hartman* v. *State,* 258 Ark. 1018, 530 S.W.2d 366

(1975), which held there was sufficient evidence to find drug possession by a party who was present at the scene of a drug sale. Johnson concludes that Garcia can thus be considered a participant because he was present when Johnson participated in a drug transaction. Johnson then argues that it was necessary that Garcia be presented by the State. For that proposition, however, he cites cases holding that an informant's name must be revealed to the defendant if the informant was a participant in a drug transaction with respect to which the defendant is charged. *Rovario* v. *United States*, 353 U.S. 53 (1957); *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988). We need only point out that Garcia's identity was known to Johnson, and we know of no requirement that the State present the testimony of an informant.

Affirmed.