Michael KEATON *v.* STATE of Arkansas

CR 91-177                                    821 S.W.2d 11

Supreme Court of Arkansas
Opinion delivered December 16, 1991

*Arlon L. Woodruff*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Appellant, Michael Keaton, was convicted of kidnapping. He contends evidence against him should have been suppressed because of a lack of probable cause to search him and his vehicle and that he was improperly denied a continuance. We hold the search was justified in the circumstances and that the court was well within its discretion in denying the continuance after having previously granted a continuance for the same purpose for which the second one was sought.

The evidence showed that Keaton approached a student who was studying in her vehicle parked on the Arkansas State University campus in Jonesboro, accosted her with a knife, entered her vehicle, and drove from the campus. He took her to a nearby motel where his tractor-trailer rig was parked, placed the victim in the cab, and handcuffed her hands behind her back. He took her keys and left to move her vehicle. The victim forced one hand free from the handcuffs and escaped. She ran to a nearby tire dealership and told the people there what had occurred. As she was explaining, she saw Keaton begin driving his truck away and pointed him out. Robert Deason, an employee at the tire

store, got in his car and followed Keaton. He got the license number, the trailer number, and a full description of the vehicle and phoned the information to the tire store owner. This information was relayed to police officers who had come to the scene and broadcast on police radio. Keaton was stopped by an officer within minutes thereafter.

Keaton was taken into custody. An officer looked into the cab to check for other occupants and saw a knife matching the one described by the victim. The knife was at eye-level as the officer looked into the cab. Other officers who arrived shortly found that Keaton closely matched the description of the assailant given by the victim. They arrested him, and prior to admitting Keaton to the county jail, they removed his personal possessions including two sets of keys. One set belonged to Keaton and contained a key which was later used to unlock the handcuff remaining on the victim. The other ring of keys was identified by the victim as belonging to her. The victim also positively identified Keaton as her assailant.

Prior to trial Keaton moved to suppress the items obtained in the search of his person and the later search of the vehicle based on a lack of probable cause to stop him or search the vehicle. After having obtained one continuance to locate an alibi witness and being unable to do so, Keaton again sought a continuance on the eve of the trial for the same purpose. Both motions were denied. Following a guilty verdict, the jury set his sentence at 40 years.

### 1. Suppression

At a suppression hearing Keaton argued there was no probable cause for the initial stop of the vehicle and his subsequent arrest because of discrepancies in the victim's description of the truck.

■ Keaton has no standing to argue suppression of the knife which was obtained by police in an inventory search of his truck after his arrest. There was no showing that he had a proprietary interest in the truck. *Moore* v. *State*, 304 Ark. 257, 801 S.W.2d 638 (1990). Before conducting the inventory search of the impounded vehicle Officer J.R. Thomas obtained permission from the owners.

■ In his argument concerning the initial stop of the

vehicle Keaton ignores the fact that the stop of the vehicle was predicated upon the report of Mr. Deason which included the license number, trailer number, and a complete physical description. There was much more than a "suspicion." Uncontradicted evidence shows that Mr. Deason's description was exact, and there is no assertion that Deason ever lost sight of the vehicle. Nothing suggests that Deason's description was inaccurate. There was ample cause for the initial stop, *Stout* v. *State*, 304 Ark. 610, 804 S.W.2d 686 (1991), and for the arrest, *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989). The Trial Court did not err in denying the motion to suppress.

## 2. Continuance

Keaton's defense asserted he was with someone else at the time and had nothing to do with the kidnapping. He sought and obtained a continuance. The police cooperated in searching for the witness, but they were unable to find a person with the name given by Keaton.

In considering whether a trial court was wrong in refusing to grant a continuance, abuse of discretion must be shown as well as resulting prejudice. *McCree* v. *State*, 266 Ark. 465, 585 S.W.2d 938 (1979). Nothing suggests an abuse in this case. The first continuance established that there was little likelihood the witness would be found, and the evidence was overwhelming that Keaton was indeed involved in the kidnapping. We find no error in the denial of the motion.

Affirmed.