Robert STANDRIDGE *v.* STATE of Arkansas

CA CR 91-140                           826 S.W.2d 303

Court of Appeals of Arkansas
En Banc
Opinion delivered March 18, 1992
[Rehearing denied April 29, 1992.*]

*Parker, Settle & McMarty*, by: *John W. Settle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y

*Cooper and Mayfield, JJ., would grant rehearing.

Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. The appellant, Robert Standridge, was convicted by a jury of manufacturing marijuana, sentenced to eight years in the Arkansas Department of Correction, and fined $20,000. He contends that the trial court erred in allowing certain evidence to be admitted at trial and that there was insufficient evidence to support his conviction. We affirm.

On August 23, 1989, the Logan County Sheriff's Department conducted an aerial search as part of their drug eradication program and located a marijuana patch consisting of 93 marijuana plants eight to ten feet in height. The marijuana patch was located in a remote area of extremely heavy undergrowth along the Arkansas River, a quarter to a half mile west of the six mile recreation area northeast of Paris in the National Forest.

To reach the marijuana, the officers had to follow a path beneath the brush, sometimes crawling on their hands and knees. When the officers reached the area that had been cleared out for the marijuana, they saw a small tent located in the underbrush about six feet from the marijuana. Inside the tent they found a sleeping bag, an open package of three plastic drinking cups, two metal cups, and a paperback book. An ice chest was also found filled with fresh ice, beer, soft drinks, and lunch meat. An officer testified that whoever had been in the camp site had been there shortly before the officers arrived.

A fingerprint expert with the state crime lab compared a thumb print on one of the cups with the fingerprints of four individuals, one of whom was Standridge. The expert identified Standridge's thumb print on the cup and concluded that the thumbprint could not have belonged to anyone else.

Standridge first contends that the trial court erred by not granting his motion for directed verdict due to insufficient evidence. A motion for a directed verdict is a challenge to the sufficiency of the evidence and, on appellate review, we determine whether the verdict is supported by substantial evidence. *Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991). Whether direct or circumstantial, substantial evidence must be of sufficient force that it compels a conclusion with reasonable and material certainty. *Id.* It must force or induce the mind to pass beyond

mere suspicion or conjecture. *Smith* v. *State*, 34 Ark. App. 150, 806 S.W.2d 391 (1991). In deciding whether there is substantial evidence to support the verdict, the evidence is reviewed in the light most favorable to the appellee. *Prince*, 304 Ark. 692.

■■ The Arkansas Supreme Court has held that finger-prints can constitute evidence that is sufficient to sustain a conviction. *Howard* v. *State*, 286 Ark. 479, 695 S.W.2d 375 (1985); *Ebsen* v. *State*, 249 Ark. 477, 459 S.W.2d 548 (1970). In the case at bar, Standridge's fingerprint was found on a cup inside the tent located just a few feet away from a well-tended marijuana patch. The trial court found that since the marijuana was discovered in a very remote area that was extremely difficult to reach, it was reasonable to conclude that anyone who had been there was there for the specific purpose of growing marijuana. In ruling that there was enough evidence to link Standridge to the offense, the trial court stated that anyone appearing at the tent would have to know there was a patch of marijuana growing just a few feet from it, and it is unlikely a visit to the crime scene would be accidental, fortuitous, or coincidental. We find there is sufficient evidence to affirm the jury verdict.

Standridge next contends that it was error for the court to deny his motion to suppress. He alleges that the search of the tent and seizure of the cup from within violated his Fourth Amendment rights because the search was conducted without a warrant and none of the exceptions to the search warrant requirements are applicable in this case. Standridge did not make any claim of ownership or possession of the tent. Therefore, he failed to establish why he should have an expectation of privacy in the search of the tent. He had no standing to challenge the search as unconstitutional. *Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990).

■ The tent was located on federal land in a very remote, isolated area that was not designated for public camping or recreational use. A trespasser on federal land who is subject to immediate ejectment has no standing to invoke the exclusionary rule of the Fourth Amendment for the suppression of incriminat-ing evidence. *See U.S.* v. *Ruckman*, 806 F.2d 1471 (10th Cir. 1986). A trespasser who is wrongfully on the premises has no expectation of privacy that would justify a claim of a violation of

Fourth Amendment rights. *Id.* Given the facts of this case, Standridge did not have a reasonable expectation of privacy in the tent or the items seized, and accordingly cannot claim Fourth Amendment protection. *See Izzard v. State*, 10 Ark. App. 265, 663 S.W.2d 192 (1984).

■ Our standard of review on appeal of a trial court ruling on a motion to suppress is that this court will make an independent determination based on the totality of the circumstances as to whether evidence obtained by means of a warrantless search should be suppressed, and the trial court's finding will not be set aside unless it is clearly erroneous. *State v. Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990). Additionally, the trial judge has discretion in deciding evidentiary issues and his decision will not be reversed on appeal unless he has abused his discretion. *Booth v. State*, 26 Ark. App. 115, 761 S.W.2d 607 (1989). From the facts stated and the cases listed above, we find no error in the trial court's denial of Standridge's motion to suppress.

Affirmed.

COOPER, JENNINGS, and MAYFIELD, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I strongly disagree that the evidence is sufficient to support the appellant's conviction. The sole shred of evidence which could arguably connect the appellant to the marijuana field is one thumbprint on a plastic cup. The trial judge reasoned that, because the marijuana was in a remote area[1], it was unlikely that a person would be there accidently, and that the tent was so close to the marijuana field that anyone at the tent site would have to know about the marijuana field. On this basis, the trial judge reasoned that there was sufficient evidence to link the appellant to the offense, and the majority has adopted this reasoning in affirming the appellant's conviction. I disagree because, in my view, this analysis assumes that the appellant's presence at the tent site has been established, an assumption that is unwarranted by the evidence.

---

[1] The marijuana patch was located one-quarter mile from a recreation area on the Arkansas River. I would not agree that this was a "remote" area although it may have been difficult to walk to it.

The appellant's fingerprint is circumstantial evidence of his presence at the tent site. Although circumstantial evidence may be sufficient to establish guilt, where circumstantial evidence alone is relied upon, the circumstances relied upon by the State must be so connected and cogent as to show guilt to a moral certainty, and must exclude every other reasonable hypothesis than the guilt of the accused. *Green* v. *State*, 269 Ark. 953, 601 S.W.2d 279 (Ark. App. 1980). In the case at bar, the State's fingerprint expert testified that, although several items from the tent site were tested and other fingerprints were obtained, he did not find the appellant's fingerprints on any item of evidence except the clear plastic cup. He also stated that he had no idea where or when the appellant touched the cup; he could have touched it at any point in time, anywhere in the world. Given that an entire package of clear plastic cups was seized at the tent site, and that there is considerable confusion in the record concerning precisely where the plastic cup bearing the appellant's fingerprint was found within the tent site, it seems completely plausible that the appellant's fingerprint could have been placed on the cup when the package of cups was being used elsewhere. There are several reasonable hypotheses that account for the appellant's fingerprint on the cup other than the appellant's presence at the tent site, none of which are excluded by the other evidence in this case. Further, not one witness testified that there was any other evidence showing that the appellant had been at the tent.

In *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984), the appellant was convicted of burglary committed by entering a residence. There was evidence that a kitchen window had been broken, that there was glass "everywhere" inside the kitchen, and that a television set was missing. Mr. Holloway's fingerprint was found on a piece of broken glass located outside the house and directly under the kitchen window. We reversed the appellant's conviction, reasoning that the evidence was insufficient to show that Mr. Holloway ever entered the house or touched the television set, and that such a finding could be arrived at on those facts only by resorting to supposition and conjecture. *Holloway*, 11 Ark. App. 70-72. Likewise, there is nothing in the case at bar to show that the appellant ever manufactured marijuana except for a single fingerprint, as was the case in *Holloway, supra.* Moreover, the piece of glass in *Holloway,*

*supra*, was much more directly related to the crime charged than is the plastic cup on which the appellant's fingerprint was found in the case at bar. I submit that the State has failed to produce substantial evidence to show that the appellant was ever at the tent site.

If the evidence placing the appellant at the tent site is weak, the evidence connecting him with the manufacture of marijuana is nonexistent. In *Pollard* v. *State*, 264 Ark. 753, 574 S.W.2d 656 (1978), the appellant was convicted of manufacturing marijuana on an island in the Mississippi River. An accomplice testified that Pollard was guilty of growing marijuana on the island. Besides the accomplice's testimony, there was evidence that four fields of marijuana were found on the island, that Pollard had been on the island frequently, that Pollard's three-wheeler was on the island, that three-wheeler tracks were seen at the edge of a field of marijuana, that Pollard had purchased blood meal in Memphis, and the accomplice testified that Pollard used the blood meal on the marijuana plants to ward off animals. Although there was more evidence showing Pollard's connection with marijuana in general, the Arkansas Supreme Court held that his conviction was not supported by substantial evidence and reversed. The Pollard Court's reasoning is particularly applicable to the case at bar:

> Certainly, there is plenty of evidence that something may have been going on of a suspicious nature. However, when we apply the law to the facts in this case, we just ask the question, where is the evidence, aside from the accomplice's testimony, that Pollard planted or cultivated this marijuana on the island? It is simply not there. Therefore, we have no alternative but to reverse the judgment of the trial court.

*Pollard* v. *State*, 264 Ark. at 756.

I think it should be noted that there was a relative abundance of evidence, including eyewitness testimony, to place the appellant in *Pollard* on the Mississippi River island where the marijuana was being cultivated. In the case at bar, the only evidence placing the appellant at the tent site is a single fingerprint on the cup, which the State's expert testified could have been made anywhere. However, the point which should not

be overlooked in comparing *Pollard* to the case at bar is that, in *Pollard*, an accomplice testified that Mr. Pollard cultivated the marijuana; the issue was not whether the other evidence noted above was sufficient to sustain a conviction, but was instead whether that evidence was sufficient merely to connect Mr. Pollard with the offense so as to corroborate the accomplice's testimony. Given that our Supreme Court, in *Pollard, supra*, held that the relative abundance of circumstantial evidence in that case was insufficient even to corroborate the accomplice's testimony, how could the single fingerprint in the case at bar be sufficient to sustain a conviction for manufacturing marijuana?

Nor should it be thought that the *Pollard* case was an aberration. A similar result obtained in *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The appellants in *Harris* were charged with manufacturing a controlled substance after police seized a van containing methamphetamine, as well as chemicals and equipment used in the manufacture of that drug. Evidence showed that an expired vehicle registration in the appellant's name was found in the van, which had been found in a self-storage rental unit. In addition, one or two fingerprints of Mr. Harris were found on two different articles in the van. The Supreme Court, quoting *Pollard, supra*, held that the evidence was insufficient to show that the appellants in *Harris* had been involved in the manufacturing process. The convictions were reversed and dismissed. *Harris v. State, supra.*

The total lack of proof that the appellant was involved in the manufacturing process is even more glaring in the case at bar. The State appears to argue that the fingerprint shows the appellant was at the tent, and that his location at the tent is sufficient to show that he was involved in manufacturing the marijuana. This, however, is not a sufficient basis for a conviction, because, it is not enough to show that the appellant merely knew about the marijuana. None of the items seized from the tent site were functionally connected with the manufacture of marijuana. Due process requires the prosecution to prove beyond a reasonable doubt every essential element of the crime charged. *Ward v. Lockhart*, 841 F.2d 844 (8th Cir. 1988). In the case at bar, there is not one scintilla of evidence connecting the appellant to the manufacturing of the marijuana. I would reverse and dismiss this

case and therefore I dissent.[2]

JENNINGS and MAYFIELD, JJ., join in this dissent.

---

[2] Because of the way I would dispose of the case I have not discussed the suppression issue, but I do not disagree with the majority's disposition on that issue.