Calvin Lee MARSHALL *v.* STATE of Arkansas

CR 93-1081                                   875 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered May 2, 1994
[Rehearing denied June 6, 1994.]

*Simes & Simes*, by: *Alvin L. Simes*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Calvin Lee Marshall, appeals from his conviction of the capital murder of Robert Scheid for which he was sentenced to life imprisonment without parole, the capital murder of Susan Conwell for which he was sentenced to life imprisonment without parole, the kidnapping of Susan Conwell for which he was sentenced to sixty years imprisonment, and the rape of Susan Conwell for which he was sentenced to sixty years imprisonment. We find no merit in his arguments for reversal and affirm.

Mr. Marshall was arrested after his picture was identified in a photographic lineup by Ms. Conwell's fiance, David Denner, and an acquaintance, Lauren Crews. The victims, along with David Denner and Michael Pesicek, were en route down the Mississippi River destined for St. Croix after purchasing a sailboat in Memphis. When the boat's auxiliary engine failed to operate properly, they were forced to dock near Helena where they were joined by Mr. Crews who was also travelling down the Mississippi by boat. While the group was awaiting the repair of the engine, Ms. Conwell befriended Mr. Marshall and Curtis Pollard. After shooting pool with them on the afternoon of October 1, 1991, she and Mr. Pesicek invited the two men to the boat for dinner.

Evidence was presented that the two men went to the boat with Ms. Conwell and Mr. Pesicek and that they ate dinner and consumed alcoholic beverages. When Mr. Marshall and Mr. Pollard were ready to leave they asked for help in finding their way back to Helena. According to Mr. Pollard when the group was approximately 100 yards from the boat, where Mr. Denner and Mr. Pesicek had stayed, Mr. Marshall kicked Mr. Scheid to the ground and stabbed him with a knife. Mr. Marshall forced Ms. Conwell into the bushes where she was raped by Mr. Pollard and Mr. Marshall. Mr. Marshall then stabbed Ms. Conwell no less than nineteen times, and both men fled from the area. Mr. Scheid and Ms. Conwell died as a result of the violent attack.

## 1. Sufficiency of the evidence

Mr. Marshall contends the evidence was insufficient to sustain the convictions due to evidence of his intoxication, evidence that another person may have committed the crime, and the possibility a knife other than the one introduced into evidence was the murder weapon. Mr. Marshall moved for a directed verdict at the close of the State's case and then presented evidence. He did not attempt renewal of the motion until after the jury had been charged. According to Ark. R. Crim. P. 36.21(b) any question pertaining to the sufficiency of the evidence is waived when the objection is not renewed at the close of all the evidence. *See Cummings* v. *State*, 315 Ark. 541, 869 S.W.2d 17 (1994). An attempt to renew a directed verdict motion is ineffective when it occurs after the jury has been charged. *See Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994).

## 2. *Curtis Pollard's testimony*

Mr. Marshall's next argument concerns the testimony of Mr. Pollard describing how Mr. Marshall stabbed the victims and raped Ms. Conwell. He asserts that it was unreliable due to Mr. Pollard's intoxicated state on the night of the murders and the fact that the testimony was given in exchange as part of a plea bargain.

■■ We do not reverse a trial court's ruling on admissibility of evidence unless it is clearly erroneous. The defense was free to cast doubt upon the reliability of Mr. Pollard's testimony through cross-examination. The arguments that his ability to observe was hindered by intoxication and that his testimony was induced by his plea bargain are of the sort going to the weight of his testimony to be assigned by the jury rather than its admissibility. *See Wallace* v. *State*, 314 Ark. 247, 862 S.W.2d 235 (1993); *Ford Motor Co.* v. *Massey*, 313 Ark. 345, 855 S.W.2d 897 (1993); *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992); *Gavin* v. *State*, 309 Ark. 158, 827 S.W.2d 161 (1992).

## 3. *Standing to object to search*

■ Mr. Marshall argues the Trial Court erred by denying his motion to suppress certain articles of clothing found by the authorities in a search of his mother's house. According to his mother's testimony he lived with his grandmother and stayed with his mother only occasionally. He had no standing to raise any Fourth Amendment right his mother might have had to object to a search of her premises. *Davasher* v. *State*, 308 Ark. 154, 823 S.W.2d 863 (1992).

In finding that Mr. Marshall lacked standing to object to the search we note there was no showing that he had been an "overnight guest" in his mother's home at the time the search occurred. Thus, unlike the accused in *Minnesota* v. *Olson*, 495 U.S. 91 (1990), Mr. Marshall had no reasonable expectation of privacy in his mother's home.

## 4. *Drawing of the venire*

Mr. Marshall argues that reversible error occurred due to the location of the jury selection box and the manner in which

the names were selected from the box outside the jury selection room. The statutes he contends were violated are Ark. Code Ann. § § 16-32-105 and 16-32-108 (Repl. 1994).

Section 16-32-105 provides that "[a]t the time and place designated, the wheel or box shall be unlocked in open court." The statute further states that "the circuit judge shall cause to be drawn the number of names . . . necessary . . . ." Section 16-32-108 also refers to unlocking the box in open court. Mr. Marshall objected because the jury selection box was not present in the jury selection room. Mr. Marshall also objected to the fact that one of the Trial Court's clerks entered the jury selection room with four names which had been drawn from the box. According to his objection, Mr. Marshall desired the names to be drawn in the presence of the judge.

■■ First, it should be noted that § 16-32-105 provides only that the circuit judge shall cause the names to be drawn. The statute, on its face, does not require the presence of the judge when the names are drawn. The objection on this ground is baseless. Second, the statute requires that the names be drawn in open court. On page 60 of the record Mr. Marshall's attorney states, "I am . . . asking the court to . . . place the juror potential list in this room . . . and not to have that box out in the courtroom where there are members of the public . . . ." The purpose of the statute is to ensure that the drawing of the names be open to the public. *See Hall* v. *State*, 259 Ark. 815, 537 S.W.2d 155 (1976). As the jury selection box was in the courtroom, the statute was not violated.

The Trial Court attempted to understand the nature of the objection and finally concluded that there had been no allegation of jury tampering or improper procedure which could have prejudiced the accused. We have no reason to disagree with his assessment.

### 5. Continuance

Mr. Marshall argues his motion for a continuance should have been granted due to the fact that a potential witness, Michael Pesicek, did not appear for the trial. He contends he has a right to a continuance if witnesses cannot be found or are unavailable and the accused is not dilatory.

■■ A trial court's denial of a motion for a continuance will not be reversed absent a clear abuse of discretion, and the defendant has the burden of showing an abuse of discretion. *See Gillie* v. *State*, 305 Ark. 296, 808 S.W.2d 320 (1991). Arkansas Code Ann. § 16-63-402(a) (1987) requires a party moving for a continuance for the purpose of procuring the presence of a witness to file an affidavit showing facts the affiant believes the witness's testimony will tend to prove. *Johnson* v. *State*, 305 Ark. 580, 810 S.W.2d 44 (1991). The statute applies in criminal cases, and an abuse of discretion in denying a continuance will not be found when there is no compliance with it. *Id.* As Mr. Marshall failed to file an affidavit, the Trial Court did not abuse his discretion.

### 6. Admission of photographs

■ The State introduced photographs of the crime scene and the victims after the murder. Mr. Marshall objected on the ground that they were more prejudicial than probative. Ordinarily we would not review an argument that it was an abuse of discretion to admit photographs when copies of the photographs are not included in the abstract as required by Ark. Sup. Ct. R. 4-2(a)(6).

Rule 4-2 provides that photographs which must be examined for a clear understanding of the testimony must be attached to the abstract unless this procedure is shown to be impracticable and waived by the Court on motion. *See Carton* v. *Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). As, however, Mr. Marshall was sentenced to life without parole, *Ark. Sup. Ct. Rule 4-3(h)* requires this Court to review all errors prejudicial to the appellant.

■■ We have reviewed the photos and testimony in the record and find that Mr. Marshall's contention is without merit. The admissibility of photographs is in the sound discretion of the Trial Court, and a reviewing court will not reverse absent a showing of manifest abuse. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992). Gruesomeness alone is not a basis for excluding photographs from evidence. *See Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994). Gruesome photos are admissible if they assist the trier of fact by shedding light on some issue, by

proving a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony or by enabling jurors to better understand the testimony. The photos which were introduced assisted the jury in understanding or assisted the witnesses in testifying. The Trial Court did not abuse his discretion.

### 7. Photographic identification

Mr. Marshall contends the photographic lineup from which Mr. Denner and Mr. Crews identified Mr. Marshall was "totally suggestive." He does not, however, suggest how or why that was so, but shifts to argument that a photographic line-up requires the presence of counsel, citing *United States* v. *Ash*, 461 F.2d 92 (D.C. Cir. 1972). In the *Ash* case it was held that when an accused is in custody and a photographic line-up occurs, notice to counsel is required as the Supreme Court stated in *United States* v. *Wade*, 449 U.S. 431 (1981), in the case of a corporeal line-up.

Mr. Marshall was not in custody when the photo line-up occurred. He could not have been afforded counsel, even if there were such a right, prior to becoming known by the police as a suspect in the case.

### 8. Conviction of the underlying felony

The State points out that error occurred because Mr. Marshall was convicted of both capital felony murder of Ms. Conwell and the underlying predicate felony, rape. Mr. Marshall failed to raise this issue at the trial and has not argued it on appeal. We decline to address it at this juncture.

This Court will not consider errors raised for the first time on appeal. *See Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988). There are only four exceptions to this rule: (1) when error is made by a trial court without knowledge of the defense counsel who thus has no opportunity to object; (2) when a trial court should intervene on its own motion to correct a serious error by admonition or by mistrial; (3) when evidentiary errors affect a defendant's substantial rights although they were not brought to the court's attention, and (4) in death penalty cases when prejudice is conclusively shown by the record and we would unquestionably require the trial court to grant relief under Ark.

R. Crim. P. 37. *See Hughes* v. *State, supra*; *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

In all other circumstances a contemporaneous objection is required to preserve a point for review. Even constitutional arguments are waived unless raised before a trial court. *Lynch* v. *Blagg*, 312 Ark. 80, 847 S.W.2d 32 (1993). We note, however, that Mr. Marshall is not precluded from raising this issue if he chooses to initiate a separate proceeding pursuant to Ark. R. Crim. P. Rule 37. *See Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982); *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982).

Pursuant to Ark. Sup. Ct. R. 4-3(h) we have considered all of Mr. Marshall's objections on which the Trial Court made an adverse ruling. We find no prejudicial error.

Affirmed.