Johnny REYNOLDS, Appellant,

v.

Paul CASPARI, Appellee.

No. 92–1351.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 3, 1992.

Decided Aug. 14, 1992.

Edward A. Gilkerson, St. Louis, Mo., for appellant.

Ronald L. Jurgeson, Kansas City, Mo. (William L. Webster and Ronald L. Jurgeson, on the brief) for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Johnny Reynolds, a Missouri prisoner, appeals from the district court's [1] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

On August 4, 1987, Reynolds shot his wife of seventeen days in the chest with a shotgun, killing her. A jury convicted Reynolds of second-degree murder and armed criminal action. He received concurrent prison sentences of twenty years and three years. He appealed, raising eight grounds for reversal. The Missouri Court of Appeals affirmed his conviction. *State v. Reynolds*, 782 S.W.2d 793 (Mo.Ct.App. 1989). The Missouri Supreme Court refused to review the ruling. Reynolds did not move for state postconviction relief.

On June 29, 1990, Reynolds commenced this habeas action. He alleged that the trial court erred by (1) refusing to strike for cause a veniremember who gave equivocal voir dire responses; (2) allowing the State to use the improper hearsay testimony of his wife's sister, Pat Nitsch, which was not disclosed before trial; (3) permitting the State to introduce evidence of his post-arrest silence; (4) letting the State use the testimony of an ambulance driver and a marshal, who were not disclosed as witnesses before trial; (5) admitting into evidence a photograph of the victim's body; (6) refusing to instruct the jury on excusable homicide; and (7) refusing to give the jury a manslaughter instruction. Reynolds requested appointed counsel and an evidentiary hearing.

The district court ordered the State to respond, appointed counsel for Reynolds, and referred the petition to a magistrate judge.[2] The magistrate judge recommended denying the petition. The district court adopted the recommendation over Reynolds's objections. On appeal, Reynolds argues that the district court erred by (1) denying his juror exclusion claim; (2) concluding that grounds two, four, and five were procedurally barred from review; (3) determining that trial and appellate counsel's ineffective assistance did not excuse the default of these grounds; and (4) denying his request for an evidentiary hearing.

Reynolds contends that he is entitled to habeas relief because the state trial court erroneously failed to exclude a veniremember for cause. He asserts that he was prejudiced by this failure, even though the State removed the juror by using a peremptory strike, because it forced him to deviate from his jury selection strategy. This claim is foreclosed by *Ross v. Oklahoma*, 487 U.S. 81, 85–90, 108 S.Ct. 2273, 2276–79, 101 L.Ed.2d 80 (1988), in which the Supreme Court rejected a similar claim even though the defendant had to use one of his own peremptory strikes to exclude the objectionable veniremember. The Court concluded the defendant had not been prejudiced because the veniremember did not sit on the petit jury.

The district court correctly determined that grounds two, four, and five

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

were procedurally barred from review. "[A] federal claimant's procedural default precludes federal habeas review ... if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1042–43, 103 L.Ed.2d 308 (1989). Here, the state appeals court refused to consider the issues Reynolds now raises in grounds two and four because trial counsel failed to preserve them for review, and declined to address the issue raised in ground five because appellate counsel did not file the challenged photograph. *See Reynolds*, 782 S.W.2d at 795–97. These constitute clear expressions of reliance on a state procedural bar. *See Harris*, 489 U.S. at 263, 109 S.Ct. at 1043–44.

■ Reynolds argues that ineffective assistance of trial and appellate counsel caused the defaults and resulted in actual prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Reynolds did not, however, present these ineffective-assistance claims to the state courts. Therefore, they may not be used to establish cause. *See Scroggins v. Lockhart*, 934 F.2d 972, 975 (8th Cir.1991); *Leggins v. Lockhart*, 822 F.2d 764, 768 n. 5 (8th Cir.1987), *cert. denied*, 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). Moreover, Reynolds does not attempt to rely on the "actual innocence" exception to avoid the default. *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986).

■ Finally, the district court did not err by denying Reynolds's request for an evidentiary hearing. No hearing is necessary when the issues raised in the petition can be resolved on the basis of the state court records. *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). Here, the records indicate that Reynolds's claims are either meritless or barred from review.

Accordingly, we affirm.