**Muhammed DAWAN, Appellant,**

v.

**A.L. LOCKHART, Appellee.**

**No. 92–1472.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Dec. 2, 1992.

David Schoen, Fayetteville, Ark., argued, for appellant.

Darnisa Evans Johnson, Asst. Atty. Gen., Little Rock, Ark., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Muhammed Dawan was denied federal habeas corpus relief under 28 U.S.C. § 2254 (1988) because of a procedural bar, and he appeals. Although he did not object to his attorney's ineffectiveness in the state-court proceedings by motion for new trial or direct appeal, and his state habeas corpus claim did not state a claim for which relief could be granted, he argues that these procedural defaults do not bar him from raising his ineffectiveness-of-counsel claim in this proceeding. The claim is based on an alleged conflict of interest. We hold that Dawan is excused from his procedural defaults, and we reverse and remand.

### I.

On May 22, 1989, Muhammed Dawan was charged with assault, burglary, and theft of property at Hackman's Paint and Supply Store in Little Rock, Arkansas. Ronald Stout, a passenger in Dawan's car, also was charged with burglary and theft. The same public defender represented both defendants. Although Dawan chose to be tried, his passenger, Stout, pleaded guilty.

When Stout entered his guilty plea in July 1989, he incriminated Dawan, saying under oath that he, Stout, had "assisted Muhammed Dawan in burglarizing" the paint store. State Court Transcript 121. Stout was represented by Dawan's attorney when he said this.

On October 2, 1989, about two months before Dawan's trial, Dawan and his attorney attended an Omnibus Hearing in the state court.[1] There, Dawan himself moved for a continuance and for new counsel. He said that his counsel had not had enough time to prepare for trial. His attorney disagreed, but said that perhaps Dawan objected to his representation because he had represented codefendant Stout when Stout had pleaded guilty. Dawan responded "Oh, yes," and said that Stout had "turned State evidence against me." Omnibus Hearing Transcript 4. In response to the Court's questioning, both Dawan's attorney and the prosecutor said that they did not plan to call Stout as a witness at Dawan's trial. On the basis of this information, the Court denied Dawan's motion to change counsel, but granted a continuance.

Although he had said that he did not plan to do so, Dawan's attorney called Stout as a witness at Dawan's trial. Stout testified on direct examination that Dawan had not participated in the burglary and theft. Rather, Stout explained, he had stolen the tools and hidden them nearby. Later, he asked Dawan to drive him to the paint store to pick up the tools. Dawan did so, Stout testified, but Dawan did not know about the burglary or that the tools were stolen. Dawan's attorney did not mention Stout's previous incrimination of Dawan.

When cross-examining Stout, however, the state brought out that Stout previously had incriminated Dawan, and that he had done so while represented by Dawan's attorney. In response, Stout said that his prior testimony incriminating Dawan was false, and that he had lied under oath when giving that testimony. On re-direct examination, in what evidently was in an effort to rehabilitate the witness, Dawan's attorney asked Stout "[b]ut your testimony today's true?" Stout said "yes." State Court Transcript 123. Dawan's attorney did not ask Stout why he had incriminated Dawan before or why he had changed his mind.

Despite Stout's exculpatory testimony at Dawan's trial, the jury found Dawan guilty. Dawan was sentenced to a total of 33 years in prison. Dawan then appealed the burglary and theft convictions to the Arkansas Supreme Court, arguing unsuccessfully that the evidence was insufficient to convict him. *Dawan v. State*, 303 Ark. 217, 795 S.W.2d 50 (1990). Dawan did not claim that his attorney's assistance was ineffective because he had a conflict of interest caused by his representation of Stout when Stout had incriminated Dawan. After losing on direct appeal, however, Dawan raised this argument in a state habeas corpus claim. The state habeas court denied relief for failure to state grounds for which relief could be granted. The Supreme Court of Arkansas affirmed on Dawan's appeal of that decision.

Dawan then filed this federal habeas corpus petition arguing his attorney's ineffectiveness. A Magistrate Judge, writing for the District Court, denied relief, holding that the case was procedurally barred. The Magistrate Judge also found that Dawan's attorney did not have a conflict of interest, and that there was no ineffective assistance of counsel. Dawan now appeals.

Dawan's underlying ineffectiveness-of-counsel claim is that his attorney had a conflict of interest that affected his conduct of Dawan's trial. Dawan claims that his lawyer successively represented Stout and Dawan on issues involving the same matter, the burglary, in which Dawan and Stout told contradictory stories about Dawan's participation. The attorney's loyalty to his former client, Stout, crippled his examination of Stout at Dawan's trial. This,

---

1. The transcript of the Omnibus Hearing was not part of the record before the District Court when that Court ruled on Dawan's pro se habeas corpus petition. Dawan now asks this Court to expand the record to include the transcript, and the state does not object. We grant this motion.

Dawan says, is an "actual conflict of interest adversely affect[ing] his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); see also Ark. Court Rules, Model Rules of Professional Conduct, Rule 1.9(a). We do not reach the merits of this argument.[2]

The state argues that habeas corpus relief is procedurally barred because Dawan did not raise his conflict-of-interest argument in a motion for new trial and, after that, on direct appeal. The state also asserts that Dawan did not present his ineffective-assistance-of-counsel claim in his state habeas corpus petition. These omissions bar giving Dawan habeas corpus relief unless he can show that he had cause for not having raised his claim, and that he was prejudiced by the constitutional violation—that is, by the denial of effective assistance of counsel. *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

## II.

■ The state's first argument is that Dawan is procedurally barred because he did not raise his conflict-of-interest claim in the state courts in a motion for new trial under Arkansas Rules of Criminal Procedure Rule 36.4 and on direct appeal.[3]

■ To show cause that would excuse his procedural defaults, Dawan must show that some objective factor external to the defense impeded compliance with the state's procedural rules. *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645. Ineffective assistance of counsel is such an objective factor, *id.,* and it is cause that excuses a procedural default. *Id.; Coleman v. Thompson,* —— U.S. at ——, 111 S.Ct. at 2567.

## A.

To establish ineffective assistance of counsel, Dawan must show that his attorney acted professionally unreasonably under the circumstances and that this prejudiced Dawan's defense. *Strickland v. Washington,* 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2065, 2067, 80 L.Ed.2d 674 (1984); *Simmons v. Lockhart,* 915 F.2d 372, 378 (8th Cir.1990). Dawan says that his attorney's failure to raise his own conflict of interest was unreasonable, and that this prejudiced Dawan by costing him his right to have a court examine his underlying claim concerning the ineffectiveness of his counsel at trial. This, he says, was ineffectiveness of counsel which is cause to excuse his procedural defaults.

■ Unreasonable attorney conduct may be determined by reference to the legal profession's prevailing norms of practice. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. Dawan argues that his attorney acted unprofessionally because, once he called Stout to testify, and the conflict of interest became actual rather than potential, the attorney neither raised his conflict of interest with the Court nor advised Dawan to make a motion for new trial addressing the conflict of interest. This violated the norm that "[d]efense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler,* 446 U.S. at 346, 100 S.Ct. at 1717. Because the attorney did not raise his conflict of interest with the Court any time after he decided to call Stout as a witness, he, in effect, left Dawan unrepresented on that issue. See *Cuyler,* 446 U.S. at 344, 100 S.Ct. at 1716.

*Simmons,* 915 F.2d at 377, is a similar case. Simmons's attorney did not file a proceeding under the later-repealed Arkan-

---

**2.** Dawan also urges that his attorney's ineffectiveness violated his Fourteenth Amendment right to due process. This is the same argument in a different form, and we do not address it separately.

**3.** When Dawan was convicted, Rule 36.4 allowed defendants to raise ineffective-assistance-

of-counsel arguments on direct appeal, at least if the defendant had sought a new trial. See *Whitmore v. State,* 299 Ark. 55, 62, 771 S.W.2d 266, 269 (1989); *In the Matter of the Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure,* 299 Ark. 573, 770 S.W.2d 148 (1989).

sas postconviction provision, Rule 37,[4] and thus did not preserve Simmons's conflict-of-interest claim. "Failing to do so rendered his assistance professionally unreasonable, and that ineffectiveness is sufficient cause to excuse Simmons's failure to present the conflict-of-interest argument to the state courts." *Id.* Similarly, Dawan's attorney represented successively two codefendants with conflicting stories, creating an actual conflict of interest which he did not bring to the Court's attention at or after trial. In so doing, he acted unreasonably.[5]

### B.

In showing ineffective assistance of counsel under *Strickland*, Dawan also must show that he was prejudiced by his counsel's unreasonable behavior. To show prejudice, the defendant must show that the unprofessional acts "actually had an adverse effect on the defense," that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693, 694, 104 S.Ct. at 2068.

To us, it appears reasonably probable that, had Dawan's attorney reminded the Court of his conflicting interest, the Court would have appointed new counsel to argue that this conflict of interest had resulted in ineffective assistance of trial counsel. Because his attorney did not so advise the Court, Dawan was prejudiced under *Strickland*. He was denied appellate review of the reasonableness of his counsel's conduct at trial. Prejudice to Dawan is also clear, as it was in *Simmons*, 915 F.2d at 377, because, as his attorney should have known, his failure to present Dawan's conflict-of-interest claim to the state court

risked barring federal habeas corpus review of that claim.

It is true that Dawan knew of the conflict of interest, and that the state trial court told him of his right to make a motion for new trial on the basis of ineffective assistance of counsel. However, neither the attorney nor the state court made sure that Dawan was represented on this issue. Generally, "[u]nless the trial court knows or reasonably should know that a particular conflict [of interest] exists, the court need not initiate an inquiry." *Cuyler*, 446 U.S. at 347, 100 S.Ct. at 1717. Here, however, the Court knew about the conflict of interest because it was discussed at the Omnibus Hearing approximately two months before Dawan's trial. Although the Court apparently found this conflict immaterial at the Hearing because Stout was not going to testify, an inquiry into the conflict was in order once Stout became a witness at trial. "[T]he possibility of a conflict of interest was sufficiently apparent at the time ... [that Stout testified at Dawan's trial] to impose upon the court a duty to inquire further." *Wood v. Georgia*, 450 U.S. 261, 272, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981) (emphasis omitted). *Cf. United States v. Bluske*, 969 F.2d 609, 614 (8th Cir.1992) (sentencing court was required to investigate alleged conflict of interest of attorney who represented both defendant drug dealer and his supplier when defendant had attempted to reduce his sentence by eliciting incriminating evidence from his supplier, and attorney at least had warned supplier not to talk on the telephone).

We do not reach the merits of Dawan's conflict-of-interest argument with respect

---

**4.** Rule 37 had provided for postconviction relief. The Arkansas Supreme Court later reinstated Rule 37. See Ark. Court Rules, Ark.R.Crim.P. 37.1, Publisher's Notes (Michie 1991).

**5.** *Simmons* concerned postconviction rather than post-trial proceedings. *Id.* at 376. In *Coleman*, the Supreme Court held that "[t]here is no constitutional right to an attorney in state postconviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." —— U.S. at ——, 111 S.Ct. at 2566 (citations omit-

ted). *Coleman*, however, did not limit the right to effective counsel post-trial, as distinct from postconviction. The right to effective assistance of counsel applies in the first appeal of right. *Coleman*, —— U.S. at ——, 111 S.Ct. at 2568 (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). The *Simmons* holding applies to Dawan's case because Dawan claims ineffectiveness of counsel in the post-trial and appellate phases of the case, rather than in postconviction collateral proceedings.

to the attorney's examination of Stout at Dawan's trial. We find unreasonable, however, Dawan's attorney's failure to tell the Court of his conflict of interest and to request new counsel. This prejudiced Dawan by leaving him essentially unrepresented at the post-trial proceedings with respect to the conflict-of-interest question and denying him subsequent review of this issue. This ineffectiveness thus establishes the cause necessary to excuse Dawan's failure to raise the underlying conflict-of-interest question on motion for new trial and appeal.[6] Moreover, Dawan has shown the prejudice that *Coleman* requires in order to excuse a procedural default for the same reasons that he has shown prejudice under the *Strickland* analysis of ineffectiveness of counsel.

### III.

The District Court and the state also say that Dawan did not seek the relief that was available under the Arkansas habeas corpus statute. In fact, however, Dawan tried to raise his conflict-of-interest argument in his Petition for Writ of Habeas Corpus filed in the Lincoln County Circuit Court. But Arkansas law limits state habeas corpus relief. It is given "only when the commitment is invalid on its face or the committing court lacked jurisdiction." *Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 704 (1991). Dawan's argument that counsel was ineffective at and after trial attacks neither the facial validity of the judgment nor the Court's jurisdiction. Rather, it pertains to the attorney's conduct. It cannot be redressed by the limited scope of the Arkansas habeas corpus relief. Dawan should not be penalized for not pursuing a remedy which, the parties agree, was unavailable as a matter of law.

Appeal of the denial of the state habeas corpus petition would have been futile for the same reason. The state Supreme Court undoubtedly would have rejected any argument urging expansion of the state habeas corpus remedy because, shortly before Dawan's trial and sentencing, that Court had sought to "limit or narrow post-conviction relief by abolishing [Arkansas] Criminal Procedure Rule 37." *Whitmore v. State*, 299 Ark. at 59, 771 S.W.2d at 267; see also *In the Matter of the Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure, supra.*

### IV.

Although the District Court's resolution of this case rested primarily on the procedural bar, that Court also found that, even if the case were not procedurally barred, Dawan's attorney did not have a conflict of interest, and his assistance was not ineffective. However, Dawan never had counsel to present his ineffective-assistance-of-counsel claim, despite his discussing it in the Omnibus Hearing before his trial. The Magistrate Judge had before him only the state's filings and Dawan's pro se, handwritten submissions to the District Court. His decision was made without the benefit of an evidentiary hearing. Therefore, we vacate the Court's alternative holding on the merits. On remand, the District Court should appoint counsel for Dawan and consider whether an evidentiary hearing would be appropriate.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

We are grateful to appointed counsel in this Court and commend him for a fine job.

---

6. The state asserts, citing *Murray v. Carrier, supra,* that a claim of ineffective assistance of counsel must be presented to the state court as an independent claim before being used to establish cause for the procedural default. That case explains that this is a requirement of the exhaustion doctrine. *Murray v. Carrier,* 477 U.S. at 489, 106 S.Ct. at 2646. Here, no state remedies currently are available, and thus the exhaustion requirement is satisfied. See *Smittie v. Lockhart,* 843 F.2d 295, 296–98 (8th Cir.1988). Moreover, Dawan himself attempted to raise this issue at the Omnibus Hearing before his trial.