991 F.2d 807
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis D. WRIGHT, Plaintiff-Appellant,
v.
Stephen KAISER, Defendant-Appellee.
 No. 92-5233.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dennis Dean Wright, a state prisoner appearing pro se, brought this petition for habeas corpus relief under 28 U.S.C. § 2254 (1988), asserting six constitutional errors arising from his state court convictions for first degree murder and conspiracy to commit murder. The district court dismissed the petition as an abuse of the writ. Wright appeals and requests that we appoint appellate counsel. We grant Wright's motions for a certificate of probable cause and affirm the district court's dismissal as an abuse of the writ. We deny Wright's motion to appoint appellate counsel as moot.
 
 
 3
 The record reveals that Wright filed a prior federal habeas petition on October 11, 1990, contending that 1) he had ineffective assistance of counsel due to a conflict of interest, and 2) that certain trial testimony was improperly admitted. That petition for relief was denied by the District Court for the Northern District of Oklahoma on March 25, 1991, and it was apparently not appealed.
 
 
 4
 On March 9, 1992, Wright filed this second petition for federal habeas corpus relief, alleging six constitutional claims, four claims asserting ineffectiveness of trial and appellate counsel with respect to issues not raised in the first federal habeas, one claim asserting a denial of due process and equal protection, and one seeking to assert a claim under Grady v. Corbin, 110 S.Ct. 2084 (1990). The district court held that this petition constituted an abuse of the writ, concluding that Wright had not satisfied the cause-and-prejudice standard applicable to second or subsequent petitions under McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 5
 When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.
 
 
 6
 Id.
 
 
 7
 On appeal, Wright asserts that he is entitled to have his second petition heard on the merits for three reasons. He contends he can show cause for his failure to raise these claims in his first federal habeas both because of the ineffectiveness of his trial and appellate counsel, and because of an intervening change in the law. Wright also contends that he has made a colorable showing of factual innocence so as to fall within the fundamental miscarriage of justice exception to the cause and prejudice analysis recognized in McClesky, 111 S.Ct. at 1470-71. We find no merit in these arguments.
 
 
 8
 First, we discern no reason why the alleged ineffectiveness of Wright's counsel during his state court trial and direct appeal establishes cause for Wright's failure to raise in his first federal habeas petition the claims he now asserts in his second one. The Supreme Court has held that the Sixth Amendment does not mandate that counsel be appointed for habeas petitioners. See Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991). Therefore, Wright is not excused from raising the issues by the lack of counsel to help him prepare the first petition. Second, we point out that the intervening change in the law upon which Wright relies, the Supreme Court's decision in Grady v. Corbin, 110 S.Ct. 2084 (1990), was handed down on May 29, 1990, before Wright filed his first federal habeas on October 11, 1990. That decision was thus available and could have been raised in the first petition. Finally, we find no evidence in this record, other than Wright's bare assertion, tending to make a colorable showing of his factual innocence. Accordingly, we conclude that the petition was properly dismissed as an abuse of the writ.[1]
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Wright has called the court's attention to the recent case of Dawan v. Lockhart, 980 F.2d 470 (8th Cir.1992), which he asserts is relevant to his claim that his counsel was ineffective due to a conflict of interest. However, Dawan did not involve a second or subsequent petition and thus presented no issue concerning abuse of the writ