Michael Joe HARRIS, Petitioner,

v.

Larry NORRIS, Director of the Arkansas Department of Correction, Respondent.

No. PB–C–93–616.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 5, 1994.

Michael Joe Harris, pro se.

Pamela Rumpz, Atty. Gen. Office, Little Rock, AR, for defendant Larry Norris, Interim Director, Ark. Dept. of Correction.

### MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

*INTRODUCTION.* Petitioner, Michael Joe Harris, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons which follow, the application is denied.

*HISTORY.* On September 27, 1990, petitioner was convicted by a Pope County Circuit Court jury of aggravated robbery, burglary, and being a felon in possession of a firearm; he was sentenced to three concurrent terms of imprisonment. The parties agree that not long after the completion of the trial, he obtained the services of a second

attorney and filed a motion for a new trial in accordance with Ark.R.Crim.P. 36.4. They also agree that he raised only one claim in that motion, *i.e.*, a challenge to the representation provided by his trial attorney. The trial court held a hearing on the motion but granted no relief. Petitioner did not appeal the denial of his Rule 36.4 motion but did appeal his conviction. The only claim he raised on appeal challenged the decision by the trial court to permit the victims to remain in the courtroom. The state Supreme Court affirmed his conviction on January 27, 1992, finding:

At trial the defendants asked for the exclusion of witnesses. Ark.R.Evid. 615. On appeal, [petitioner and a co-defendant] argue that all six individuals present at the robbery should not have been permitted to remain in the courtroom.

The state relies on Ark.R.Evid. 616:

Right of victim to be present at hearing. Notwithstanding any provision to the contrary, in any criminal prosecution, the victim of a crime, and in the event that the victim of a crime is a minor child under eighteen years of age, that minor victim's parents, guardian, custodian or other person with custody of the alleged minor victim shall have the right to be present during any hearing, deposition or trial of the offense.

[Petitioner and a co-defendant] argue that not all of the individuals present when the robbery occurred were victims. We disagree. In summary, the proof was that money was taken from some of the victims, two were struck with the guns when they did not respond quickly enough, all were threatened with death if they withheld any money, and all were ordered to lie on the floor were their hands were bound behind them.

Aggravated robbery occurs when robbery is committed by one who is armed or pretends to be or who inflicts or attempts to inflict death or serious physical injury. [Citation omitted]. Robbery does not require that each victim, or even one victim, be deprived of property. As [petitioner and a co-defendant] concede, robbery has been redefined under Arkansas law by shifting the emphasis from the taking of property to the threat, express or implied, of physical harm to the victim. It is plain enough that these individuals were victims within the meaning of Rule 616.

*Harris v. State,* 308 Ark. 150, 823 S.W.2d 860, 862–63 (1992). He pursued no other relief in state court. This application followed.

*APPLICATION.* Petitioner has raised a number of claims in his application. A concise summary of the claims is not easy. First, he alleges that the prosecution failed to comply with the discovery requirements of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Second, he alleges that there were a number of "investigative improprieties" committed by the investigating officers. Third, he alleges that he failed to receive the effective assistance of counsel at the trial and appellate stages. Last, he alleges that the trial court failed to exclude the victims from the courtroom.

In his submission, respondent takes the position that all but one of the claims are procedurally barred because petitioner either did not raise them in state court or did not appeal the denial of the claim to the state's highest court. Respondent represents that the only claim the Court can consider is petitioner's challenge to the victims' presence in the courtroom. On that particular claim, respondent alleges that it is without merit.

In light of respondent's assertion, and given the teachings of *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), petitioner was given an opportunity to show cause for his procedural default and prejudice resulting from that default. He accepted the invitation and filed a staggering 175 page document. The Court turns to address the position advanced by respondent and the response submitted by petitioner.

*EXHAUSTION.* As a preliminary matter, the Court finds that petitioner has exhausted his available state remedies. He can do nothing else in an Arkansas state court. *See Wayne v. White,* 735 F.2d 324 (8th Cir. 1984).

■ *PROCEDURAL BAR.* In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497,

53 L.Ed.2d 594 (1977), the United States Supreme Court determined that the federal courts should not address the merits of a litigant's habeas corpus claim if he has failed to raise the claim in state court. The exception created by the Supreme Court permits the claim to be addressed if a litigant can show cause for his failure to assert the known claim and prejudice resulting from that failure.

Because petitioner allegedly failed to raise three of these claims in state court, respondent submits that they are barred.[1] Petitioner acknowledges that he may not have thoroughly complied with the procedural rules of this state. He attempts to excuse his failure by placing the blame at the feet of his appellate attorney.

■ The Court agrees with respondent that petitioner never gave the state courts an opportunity to pass on the first and second claims asserted in this application, *i.e.,* the *Brady* claim and the claim challenging the investigative improprieties. These claims are procedurally barred unless he can establish the requisite cause and prejudice. He did, however, challenge his trial attorney's representation when he filed his Rule 36.4 motion, but he failed to appeal the denial of that motion to the state Supreme Court. As a result, he failed to comply with the state procedural rules. This claim is procedurally barred unless he can establish the requisite cause and prejudice. *See Gilmore v. Armontrout,* 861 F.2d 1061 (8th Cir.1988); *Stokes v. Armontrout,* 851 F.2d 1085 (8th Cir.1988).

■ As cause for his failure to comply with the procedural rules of this state, petitioner alleges that his appellate attorney was ineffective. Without question, ineffective assistance of counsel can be cause for a procedural default. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The availability of such an assertion as cause, however, is not without some restriction. In *Murray,* the Supreme Court stated that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488–89, 106 S.Ct. at 2646. In a series of subsequent decisions, the Court of Appeals applied the *Murray* rule in those instances in which litigants attempted to excuse their failure to raise claims in state court by alleging that their trial or appellate attorneys had not been effective. *See Reynolds v. Caspari,* 974 F.2d 946 (8th Cir.1992); *Harris v. Lockhart,* 948 F.2d 450 (8th Cir.1991); *Scroggins v. Lockhart,* 934 F.2d 972 (8th Cir.1991); *McKinnon v. Lockhart,* 921 F.2d 830 (8th Cir.1990), *cert. denied,* 501 U.S. 1208, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991); *Laws v. Armontrout,* 834 F.2d 1401 (8th Cir.1987); *Leggins v. Lockhart,* 822 F.2d 764 (8th Cir. 1987), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). Because the litigants in those instances had not first presented their ineffectiveness claims as independent claims in state court, the Court of Appeals determined that the claims could not be used by the litigants as cause for a procedural default.

In a deviation from the rule in *Murray* and its own case law, the Court of Appeals in *Dawan v. Lockhart,* 980 F.2d 470 (8th Cir. 1992), articulated a different rule. In that case, the litigant had failed to challenge the effectiveness of his trial attorney's representation in the proper forum. The state raised his failure to make that challenge in state court when it submitted a response to his claim in federal court that his trial attorney had not been effective. The litigant's an-

---

1. Specifically, respondent alleges:

    Petitioner raised neither the alleged *Brady* violation nor the jury instruction issues in this direct appeal. Further, Petitioner did not challenge the thoroughness of the police investigation in state court. Thus, they are defaulted. [Citation omitted]. And although he challenged the performance of his trial attorney in a Rule 36.4 hearing, he did not appeal the decision of the trial judge that counsel was effective to the Arkansas Supreme Court.

Therefore, this allegation is likewise, defaulted. [Citations omitted].

. . . . .

    Although not phrased in terms of cause and prejudice, Petitioner contends this appellate attorney was ineffective for failing to raise his current habeas allegations on direct appeal. However, Petitioner's ineffective assistance of appellate counsel claims are themselves defaulted.

swer, or, more proper, his assertion of cause, was that his failure should be excused because he had not received effective representation. Notwithstanding his failure to first raise the claim as an independent claim in state court, the Court of Appeals agreed with the position advanced by the litigant. The justification offered by the Court of Appeals for doing so was set forth in a footnote, a footnote which strangely failed to cite the controlling cases in the circuit. The Court quotes from that footnote:

> The state asserts ... that a claim of ineffective assistance of counsel must be presented to the state court as an independent claim before being used to establish cause for the procedural default. [*Murray* ] explains that this is a requirement of the exhaustion doctrine. [Citation omitted]. Here, no state remedies currently are available, and thus the exhaustion requirement is satisfied. [Citation omitted].

*Id.* at 475 n. 6. The question for the Court is whether to follow *Dawan.*

The Court finds that *Dawan* should not be followed because the rule of law identified in the pre-*Dawan* cases is the better rule of law. It is the better rule of law because it advances traditional concerns of comity and federalism by requiring that a litigant give the state courts an opportunity to correct a constitutional error before that error may be raised in federal court. It is the better rule of law because it ensures that a litigant cannot frustrate the procedural rules erected by the state. In the overwhelming number of cases, exhaustion is not an issue because the time for pursuing additional avenues in state court has long since passed. Were the Court to follow *Dawan* and restrict the *Murray* rule to those cases involving the exhaustion issue, the federal courts would be placed in a position of having to consider any claim raised for the first time in federal court and about which a litigant offered as cause the ineffectiveness of his attorney. It is the better rule of law because it does not construct an artificial distinction between a de-

fault in the exhaustion context and that in the procedural bar context.[2]

The Court therefore cannot consider petitioner's assertion of cause unless he first raised the claim as an independent claim in state court. He clearly did not;[3] all but one of the claims raised in this application are therefore procedurally barred.

*EXCLUSION OF VICTIMS.* The only claim not procedurally barred is petitioner's claim that the trial court failed to exclude the victims from the courtroom. Respondent alleges that "[i]n effect, [p]etitioner is raising an evidentiary error." The Court accepts that construction of this claim.

■ Questions concerning the admissibility of evidence are matters of state law and are subject to review in federal court only when the alleged error infringed upon a specific federal constitutional right or was so grossly prejudicial that it fatally infected the trial and did not afford a litigant the fundamental fairness which is the essence of due process. *See Wood v. Lockhart,* 809 F.2d 457 (8th Cir.1986). Petitioner has not identified a specific federal constitutional right allegedly violated by the trial court when it permitted the victims to remain in the courtroom. The Court must therefore determine whether the trial court's failure to exclude the victims was so grossly prejudicial that it fatally infected the trial and denied him due process.

■ The Court has reviewed the pleadings submitted by petitioner. He has not demonstrated that the trial court's decision fatally infected his trial and thereby denied him due process. Admittedly, there are instances in which the victims' presence throughout the trial may be seen as placing the fairness of a trial in jeopardy, *see Stephens v. State,* 290 Ark. 440, 720 S.W.2d 301 (1986) [citing *Commonwealth v. Lavelle,* 277 Pa.Super. 518, 419 A.2d 1269 (1980) ], but this case is not such an instance. Petitioner makes much of the inconsistencies in the testimony given by the various victims, but the Court cannot discern how these inconsistencies would not have

---

**2.** It is worth noting that *Dawan* is inconsistent with cases from other circuits. *See Morrison v. Duckworth,* 898 F.2d 1298 (7th Cir.1990); *Justus v. Murray,* 897 F.2d 709 (4th Cir.1990).

**3.** He could have challenged the representation provided by his appellate attorney in a motion filed pursuant to Ark.R.Crim.P. 37.2. *See Pogue v. State,* 316 Ark. 428, 872 S.W.2d 387 (1994).

occurred had the trial court excluded the victims from the courtroom. In addition, he apparently does not maintain that the prosecution used the presence of the victims in the courtroom to collectively refresh their recollection of this incident. This claim has no merit.

*CONCLUSION.* Three of the four claims raised by petitioner are procedurally barred. The remaining claim is without merit. This application is denied, and judgment will be entered for respondent.

IT IS SO ORDERED.