60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Scott PORTER, Appellant,
v.
Larry NORRIS, Director, Arkansas Department of Corrections, Appellee.
 No. 94-2343.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 13, 1995.
Filed: July 13, 1995.
 
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Scott Porter appeals from a final order entered in the United States District Court[1] for the Western District of Arkansas denying his petition for habeas corpus relief. For the reasons set forth below, we affirm.
 
 
 2
 On September 26, 1989, Scott Porter was convicted of first degree murder in connection with the death of his eighteen-month- old stepson, Keith. The evidence presented at trial demonstrated that Porter violently shook Keith causing a severe head injury and brain damage. Keith died from swelling of the brain and increased intracranial pressure. Porter was sentenced to life imprisonment in the custody of the Arkansas Department of Corrections.
 
 
 3
 On the afternoon of February 3, 1989, Porter and his wife, Melanie Richardson, went to the home of her grandmother, Nettie Richardson, to pick up Nettie for a doctor's appointment. Keith, who lived primarily with the grandmother, was also at Nettie's house. All four left Nettie's house and went to the doctor's clinic. Porter dropped off the two women, and proceeded to drive to his home with Keith. According to Porter's testimony, he took Keith inside the house and made a telephone call. After he finished the telephone conversation, he did not see Keith in the house. He testified that he looked outdoors and saw Keith's legs behind a pile of wood stacked in the carport. He claimed that Keith was pinned to the ground with a log on his chest. Porter took Keith to the clinic where he had dropped off his wife, and the two of them then rushed Keith to nearby Booneville Hospital. Keith was later transported to another hospital in Fort Smith, Arkansas.
 
 
 4
 Extensive efforts were made by medical personnel to save the child but the brain damage was too severe, and he was eventually taken off life support and pronounced dead. The overwhelming medical testimony indicated that his injuries were consistent with the type of injuries caused by violent shaking. Further, the medical evidence indicated that the child had a number of bruises of varying ages which suggested to medical personnel that Keith had been the victim of child abuse. Moreover, there was no evidence of external damage to Keith's skin or internal organs which could have corroborated Porter's version of the events of February 3.
 
 
 5
 After the jury found him guilty, Porter made a motion for a new trial alleging juror misconduct. This motion was denied after a hearing. Defense counsel then moved to withdraw, asserting his own ineffective assistance in failing to raise at trial the juror misconduct issue. This motion was denied. Trial counsel again moved to withdraw, arguing he had been ineffective and should not serve as appellate counsel, and he further filed a motion on Porter's behalf pursuant to Arkansas Rule of Criminal Procedure 36.4 based on ineffective assistance.[2] The state trial court held a hearing and denied counsel's motion to withdraw.
 
 
 6
 After Porter appealed, the Arkansas Supreme Court ordered the state trial court to conduct a hearing on the Rule 36.4 motion as to whether trial counsel rendered ineffective assistance in failing to promptly inform the trial court of alleged jury misconduct. The state trial court appointed new counsel for purposes of the hearing. After this hearing, the motion was denied. Porter appealed this denial as well. Porter's conviction and the denial of the Rule 36.4 motion were affirmed by the Arkansas Supreme Court. Porter v. State, 823 S.W.2d 846 (Ark. 1992). Porter next filed the instant habeas corpus petition in federal district court alleging numerous constitutional violations. After the magistrate judge filed her first report and recommendation, the district court referred the case back to the magistrate judge for reconsideration in light of Dawan v. Lockhart, 980 F.2d 470 (8th Cir. 1992). After a hearing, the magistrate judge, on January 19, 1994, filed an Amended and Substituted Report and Recommendation suggesting that Porter's petition be denied. Porter v. Norris, Civil No. 92-2205 (W.D. Ark. Jan. 19, 1994). The district court adopted the magistrate judge's report and recommendation in its entirety and dismissed the petition. Id. (May 9, 1994). This appeal followed.
 
 
 7
 On appeal, Porter claims that he is entitled to habeas relief because: (1) he was prosecuted under a vague and overbroad statute; (2) the prosecutor improperly suggested he had a history of child abuse; and (3) he was denied effective assistance of counsel in that his trial counsel failed to challenge the charging statute, failed to request a jury instruction on the phrase "cruel and malicious indifference," and failed to object to the prosecutor's references to earlier incidents of child abuse. None of these issues was ever raised at trial, in the Rule 36.4 proceeding, or on direct appeal to the Arkansas Supreme Court.
 
 
 8
 The magistrate judge properly understood Dawan to hold that the constitutional right to effective assistance of counsel attaches to Rule 36.4 proceedings.[3] See Robinson v. Norris, No. 94-2965 (8th Cir. July 13, 1995). After considering each of Porter's claims based on ineffective assistance of trial counsel that were omitted from his Rule 36.4 motion, the magistrate judge held that "no ground omitted by counsel at trial or on appeal resulted in ineffective assistance of counsel and therefore, Porter has not shown cause for the procedural default which resulted when the grounds were not presented to the state courts." Amended and Substituted Report and Recommendation at 30. After careful review of the record, we affirm the denial of habeas corpus relief in the present case for the reasons set forth in the report and recommendation of the magistrate judge. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Jimm L. Hendren, United States District Judge for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas
 
 
 [2]
 This rule, now replaced with a revised Ark. R. Crim. P. 37, provided at that time the only means for a defendant to challenge the competency of trial counsel. See Pearson v. Norris, 52 F.3d 470, 471 (8th Cir. 1995) (per curiam)
 
 
 [3]
 In Robinson v. Norris, No. 94-2965 (8th Cir. July 13, 1995), the state trial court told the petitioner that he could file a pro se Rule 36.4 motion within thirty days of sentencing if he wished to challenge his trial counsel's effectiveness. We held that this denial of counsel violated petitioner's right to effective representation in Rule 36.4 proceedings. In the present case, the state trial court informed Porter that he had a right to different counsel on his Rule 36.4 motion and that such counsel would be provided if he could not afford to retain counsel. VIII Supplemental Tr. 80. Further, separate counsel was appointed to represent Porter at his Rule 36.4 hearing. Thus, there was no deprivation here as there was in Robinson v. Norris