**Robert Sherman ROBINSON, Appellee,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellant.**

No. 94–2965.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1995.

Decided July 13, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 24, 1995.

458

Kelly K. Hill, Asst. Atty. Gen., Little Rock, AR, argued for appellant.

Counsel who presented argument on behalf of the appellee was Walter C. Lambert, Little Rock, AR, argued for appellee (John W. Hall, on the brief).

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Larry Norris, director of the Arkansas Department of Corrections (hereinafter referred to as "the state"), appeals from a final order entered in the United States District Court [1] for the Eastern District of Arkansas, conditionally granting habeas corpus relief to petitioner Robert Robinson. For reversal, the state argues that the district court erred in concluding that Robinson's Sixth Amendment rights were violated by the denial of counsel to pursue a new trial motion under former Arkansas Rule of Criminal Procedure 36.4. For the reasons discussed below, we affirm.

## I. BACKGROUND

On March 2, 1990, Robinson was convicted in Arkansas state court of theft, aggravated

---

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

robbery, and unlawful possession of a firearm. After sentencing, the trial judge addressed Robinson personally and advised him that, if he was not satisfied with the services of his trial attorney, he could, pursuant to Arkansas Rule of Criminal Procedure 36.4,[2] file a motion for a new trial within thirty days alleging that his trial attorney had rendered ineffective assistance. Specifically, the state trial judge stated: "It is further my duty to advise you that if you're not satisfied with [your counsel's] services, you may file a *pro se* petition alleging such dissatisfaction within [thirty days]." Robinson did not pursue such relief. During the thirty-day period, Robinson continued to be represented by trial counsel. Trial counsel pursued a directed appeal in the Arkansas Supreme Court, and Robinson's conviction was affirmed. *See Robinson v. State*, 303 Ark. 351, 797 S.W.2d 425 (1990). Robinson subsequently filed a habeas corpus petition in federal district court pursuant to 28 U.S.C. § 2254. Among other grounds, he claimed he had been unconstitutionally deprived of counsel to pursue his motion for new trial under Rule 36.4. Relying on our court's decision in *Dawan v. Lockhart*, 980 F.2d 470 (8th Cir.1992) (*Dawan*), the district court conditionally granted the writ on the grounds that the Rule 36.4 motion represented a critical stage to which the constitutional right to counsel attaches and that Robinson had therefore been denied his Sixth Amendment right to counsel to pursue such motion. *Robinson v. Norris*, No. PB–C–93–640 (E.D.Ark. July 11, 1994) (Memorandum and Order).

## II. DISCUSSION

This case requires us to revisit *Dawan*. In that case, Dawan, who had been convicted of burglary, assault, and theft of property in Arkansas state court, sought federal habeas corpus relief. Dawan raised an ineffectiveness-of-counsel claim alleging that his trial attorney had a conflict-of-interest that affect-

ed the way in which he conducted Dawan's defense. Dawan contended that his lawyer successively represented Stout, a co-defendant who pled guilty, and Dawan "on issues involving the same matter, the burglary, in which Dawan and Stout told contradictory stories about Dawan's participation." *Id.* at 472. Thus, Dawan asserted that his attorney's loyalty to the former client, Stout, had crippled his examination of Stout at Dawan's trial. *Id.* at 472–473.

In response to Dawan's habeas petition, the state argued that Dawan was procedurally barred because he had not raised his conflict-of-interest claim in the state courts in a motion for a new trial under Rule 36.4 or on direct appeal. Our court, however, found unreasonable the failure of Dawan's attorney to tell the state trial court of his conflict-of-interest and to request new counsel:

> This prejudiced Dawan by leaving him essentially unrepresented at the post-trial proceedings with respect to the conflict-of-interest question and denying him subsequent review of this issue. This ineffectiveness thus establishes the cause necessary to excuse Dawan's failure to raise the underlying conflict-of-interest question on motion for new trial and appeal.

*Id.* at 475. In a footnote, we noted that the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (*Coleman*), which held there is no constitutional right to postconviction counsel, did not limit the right of effective trial counsel post-trial, "as distinct from postconviction." 980 F.2d at 474 n. 5. We further stated that Dawan claimed "ineffectiveness of counsel in the post-trial and appellate phases of the case, rather than in postconviction collateral proceedings." *Id.* In the present case, the district court interpreted *Dawan* as holding that "Rule 36.4 was a post-trial remedy and that the petitioner had a constitutional right to effective assis-

**2.** Between July 1, 1989, and January 1, 1991, the only means by which a person convicted of a crime could challenge the effectiveness of his defense counsel was through a motion for new trial pursuant to Ark.R.Crim.P. 36.4. That rule, which has now been replaced with a revised version of Ark.R.Crim.P. 37, provided in part that upon a guilty verdict:

the trial judge must address the defendant personally and advise the defendant that if the defendant wishes to assert that his or her counsel was ineffective a motion for new trial stating ineffectiveness of counsel as a ground must be filed within thirty (30) days from the date of pronouncement of sentence and entry of judgment.

tance of counsel in Rule 36.4 proceedings." Slip op. at 4. Thus, the district court found that Robinson was deprived of his Sixth Amendment right to counsel to pursue an ineffective assistance claim in a motion for new trial under Rule 36.4.

 The state argues that the district court incorrectly followed what the state characterizes as the dicta in *Dawan.* However, the state fails to recognize that in order to explain how another opinion from our circuit, *Simmons v. Lockhart,* 915 F.2d 372, 378 (8th Cir.1990) (*Simmons*), applied to Dawan's case, we specifically stated that Dawan's claims related to post-trial and appellate phases, not postconviction collateral proceedings. *Dawan,* 980 F.2d at 474 n. 5. *Simmons* involved the failure of counsel to preserve a conflict-of-interest issue in postconviction proceedings. Thus, the distinction was necessary to demonstrate *Simmons*'s applicability in light of the Supreme Court's decision in *Coleman.* Without the conclusion that Dawan's Rule 36.4 proceeding was post-trial, the *Simmons* decision would have been devoid of precedential value in *Coleman*'s wake. Thus, our conclusion in *Dawan* that the Rule 36.4 proceeding was post-trial is not dicta, which is defined as "words of an opinion entirely unnecessary for the decision of the case," BLACK'S LAW DICTIONARY 967 (5th ed. 1979), but rather essential to the court's reasoning. Therefore, the district court correctly followed the language in *Dawan* holding a Rule 36.4 proceeding was a critical stage of Robinson's criminal proceedings.

 Because a defendant is entitled to counsel under the Sixth Amendment in all such critical stages, *see Michigan v. Jackson,* 475 U.S. 625, 630–33, 106 S.Ct. 1404, 1408–09, 89 L.Ed.2d 631 (1986), the district court correctly concluded that Robinson, who in no way waived his right to counsel, was denied his constitutional right to effective assistance of counsel when the state trial court informed him that he could file a *pro se* Rule 36.4 petition. Further, such actual denial of counsel is presumed prejudicial. *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). The fact that Robinson continued to be represented by trial counsel throughout the thirty-day period for filing a Rule 36.4 motion is of no consequence. Robinson was entitled to separate counsel to pursue his ineffective assistance claim. *See Page v. United States,* 884 F.2d 300, 301 (7th Cir.1989) (holding that counsel should not be expected to attack his own competence). Therefore, we hold that the district court did not err in concluding that Robinson's Sixth Amendment rights had been violated by the denial of separate counsel to pursue a Rule 36.4 motion.

## III. CONCLUSION

For the reasons discussed above, the judgment of the district court is affirmed.