_____

No. 96-2370EA
_____

Jesse Jackson,                          *
                                        *
            Appellant,                  *
                                        *
    v.                                  *  On Appeal from the United
                                        *  States District Court
                                        *  for the Eastern District
Larry Norris, Director,                 *  of Arkansas.
Arkansas Department of                  *
Correction,                             *
                                        *
            Appellee.                   *


                          _____

                Submitted:  January 17, 1997

                    Filed:  January 27, 1997
                          _____

Before RICHARD S. ARNOLD, Chief Judge, ROSS and BEAM, Circuit Judges.
                          _____

RICHARD S. ARNOLD, Chief Judge.


     This is a petition for writ of habeas corpus filed by a prisoner in
state custody.  The prisoner, Jesse Jackson, has filed three previous
unsuccessful petitions.  He argues that the claim he now asserts is
"novel," see Reed v. Ross, 468 U.S. 1 (1984), and that, therefore, he has
demonstrated cause for the claim's not having been included in any of his
prior petitions.  It follows, Jackson argues, that he is entitled to a
decision on the merits of the claim.

The District Court[1] held that the claim presently urged is not "novel" for purposes of the cause-and-prejudice doctrine. Jackson's claim is that he was denied counsel on his motion for a new trial under Ark. R. Crim. P. 36.4, a rule that existed briefly in Arkansas criminal cases, between July 1, 1989, and January 1, 1991. The District Court disagreed with the proposition that this claim was novel for a number of reasons, including the fact that in Dawan v. Lockhart, 980 F.2d 470 (8th Cir. 1992), we said that there was indeed a right to counsel under the Sixth Amendment in connection with Rule 36.4 motions for new trial. Such motions, we said, were essentially part of proceedings on direct appeal, post-trial proceedings, as opposed to postconviction proceedings. Id. at 474 n.5. Jackson argues that the statement in the Dawan opinion was merely dictum. This Court held to the contrary in Robinson v. Norris, 60 F.3d 457 (8th Cir. 1995), cert. denied, 116 S. Ct. 1344 (1996). Jackson responds that at the time of the filing of his first three habeas petitions, Robinson had not been decided, and the Dawan statement looked like dictum before Robinson came down.

Even if the statement in question in Dawan were only dictum, this would not be a novel claim. The statement in Dawan was in the books. It was available to Jackson, and a reasonably prudent person drafting a petition for federal habeas corpus relief at the time Jackson's first petition was filed would have included a Sixth Amendment claim based on Dawan. The tools necessary to make the claim were available to Jackson at the time of his first habeas petition, and certainly at the times of his second and third petitions. The fact that Robinson, clarifying the situation, came down later does not excuse the omission of this claim from Jackson's prior petitions.

---

[1]The Hon. James M. Moody, United States District Judge for the Eastern District of Arkansas, acting on the recommendation of the Hon. John F. Forster, Jr., United States Magistrate Judge.

Jackson argues further that another judge in the same District Court from which this appeal comes has granted relief on a _Dawan_ claim alleged in a successive petition, holding that such a claim _is_ novel for cause-and-prejudice purposes.  To deny him relief, Jackson argues, would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  We disagree.  The fact that different members of a district court go different ways on a legal question does not create a constitutional deprivation.  The claim is either novel or it's not, and we have held that it is not.  If another prisoner or prisoners have secured relief based on a district court holding at variance with this opinion, that is his or their good luck.  It does not deprive Jackson of any constitutional right.  He is entitled to receive only what the law allows, notwithstanding that others may have gotten more.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-