Jesse JACKSON, Appellant,

v.

Larry NORRIS, Director, Arkansas Department of Correction, Appellee.

No. 96–2370EA.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1997.

Decided Jan. 27, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied March 7, 1997.

Craig Lambert, Little Rock, AR, for appellant.

Tenna L. White, Little Rock, AR (Winston Bryant, Attorney General, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

This is a petition for writ of habeas corpus filed by a prisoner in state custody. The prisoner, Jesse Jackson, has filed three previous unsuccessful petitions. He argues that the claim he now asserts is "novel," see *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), and that, therefore, he has demonstrated cause for the claim's not having been included in any of his prior petitions. It follows, Jackson argues, that he is entitled to a decision on the merits of the claim.

The District Court[1] held that the claim presently urged is not "novel" for purposes of the cause-and-prejudice doctrine. Jackson's claim is that he was denied counsel on his motion for a new trial under Ark. R.Crim.P. 36.4, a rule that existed briefly in Arkansas criminal cases, between July 1, 1989, and January 1, 1991. The District Court disagreed with the proposition that this claim was novel for a number of reasons, including the fact that in *Dawan v. Lockhart*, 980 F.2d 470 (8th Cir.1992), we said that there was indeed a right to counsel under the Sixth Amendment in connection with Rule 36.4 motions for new trial. Such motions, we said, were essentially part of proceedings on direct appeal, posttrial proceedings, as opposed to postconviction proceedings. *Id.* at 474 n. 5. Jackson argues that the statement in the *Dawan* opinion was merely dictum. This Court held to the contrary in *Robinson v. Norris*, 60 F.3d 457 (8th Cir.1995), cert. denied, — U.S. —, 116 S.Ct. 1344, 134 L.Ed.2d 492 (1996). Jackson responds that at the time of the filing of his first three habeas petitions, *Robinson* had not been decided, and the *Dawan* statement looked like dictum before *Robinson* came down.

Even if the statement in question in *Dawan* were only dictum, this would not be a novel claim. The statement in *Dawan* was in the books. It was available to Jackson, and a reasonably prudent person drafting a petition for federal habeas corpus relief at the time Jackson's first petition was filed would have included a Sixth Amendment claim based on *Dawan*. The tools necessary to make the claim were available to Jackson at the time of his first habeas petition, and certainly at the times of his second and third petitions. The fact that *Robinson*, clarifying the situation, came down later does not excuse the omission of this claim from Jackson's prior petitions.

Jackson argues further that another judge in the same District Court from which this appeal comes has granted relief on a *Dawan* claim alleged in a successive petition, holding that such a claim *is* novel for cause-and-prejudice purposes. To deny him relief, Jackson argues, would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. We disagree. The fact that different members of a district court go different ways on a legal question does not create a constitutional deprivation. The claim is either novel or it's not, and we have held that it is not. If another prisoner or prisoners have secured relief based on a district court holding at variance with this opinion, that is his or their good luck. It does not deprive Jackson of any constitutional right. He is entitled to receive only what the law allows, notwithstanding that others may have gotten more.

Affirmed.

1. The Hon. James M. Moody, United States District Judge for the Eastern District of Arkansas, acting on the recommendation of the Hon. John F. Forster, Jr., United States Magistrate Judge.