**UNITED STATES of America**

v.

**Nancy L. HOYT, Defendant.**

**No. 4:CR–98–0160.**

United States District Court, M.D. Pennsylvania.

Aug. 13, 1998.

Frederick E. Martin, Assistant United States Attorney, Williamsport, PA, for government.

D. Toni Byrd, Assistant Federal Public Defender, Williamsport, PA, for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND :

We are presented with the question of whether a criminal defendant has the right to

counsel during "processing" by the United States Marshals Service.

On July 6, 1998, the United States Attorney for the Middle District of Pennsylvania filed an information charging defendant Nancy L. Hoyt with providing a prohibited object, marijuana, to an inmate at the United States Penitentiary at Lewisburg, Union County, Pennsylvania, in violation of 18 U.S.C. § 1791(a)(1). On August 10, 1998, Hoyt appeared before the court for arraignment, waived indictment, and entered a plea of guilty to the charge set forth in the information.

Following entry of the plea, Hoyt and her counsel, D. Toni Byrd, Esquire, Assistant Federal Public Defender, left the courtroom for processing by the Marshals Service and release. Shortly thereafter, the court was contacted by the supervisor of the Williamsport office of the Marshals Service and informed that Hoyt and Attorney Byrd had left the office without completing all of the steps involved in processing. Attorney Byrd was contacted and she indicated that, because the order for pre-sentence release did not specify that processing was necessary, and because her client had the right to counsel when a questionnaire involving personal data was completed, a right the Marshals Service refused to honor, she and Hoyt had left the courthouse and Attorney Byrd had sent her client home.

The failure to direct processing of Hoyt prior to release was plainly an oversight which will be corrected through this order. Moreover, since there apparently is a dispute between the Marshals Service and defense counsel as to the right to counsel during the processing of a criminal defendant, we will set forth what we expect of both.

## DISCUSSION:

### I. RELEASE PENDING IMPOSITION OF SENTENCE

The Federal Rules of Criminal Procedure provide that eligibility for release pending the imposition of sentence once a defendant has been found guilty is governed by 18 U.S.C. § 3143. Fed.R.Civ.P. 46(c). For an offense such as that to which Hoyt pled guilty, the controlling provision is § 3143(a)(1). *Compare* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A), (B), (C) (limiting availability of release pending sentence for certain offenses, not applicable). If the defendant is not likely to flee or pose a danger to another person or the community, § 3142(a)(1) provides that he or she may be released in accordance with the provisions of 18 U.S.C. § 3142(b), (c). Consistent with those provisions, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3143(c)(3).

Following entry of the plea, the court issued a standard Order Setting Conditions of Release, using form AO 199A. That form sets forth various options to be checked as applicable. The last section of the form is "Directions to United States Marshal," and includes two options. The first is for the release of the defendant after processing; the second is for detention of the defendant. Neither option is checked on the form order issued in this case (record document no. 7, filed August 10, 1998). The failure to check one of the options was simply an oversight on the part of the court.

Processing of a defendant permits the Marshals Service to identify the defendant when eventually taken into custody and permits law enforcement generally to maintain a record of arrests and related proceedings. Such processing is one of the fundamental routines of all law enforcement agencies, so much so that is seems unnecessary for us to state as much. For that reason, we will exercise our authority under §§ 3143(a)(1) and 3142(c)(3) and amend the conditions of release to require that Hoyt report to the Marshals Service in Williamsport for processing.

### II. RIGHT TO COUNSEL

When contacted by the court due to Hoyt's absence from the Marshals Service office, Attorney Byrd indicated that she believes that her client has the right to the presence of counsel during processing, and that it has been her undisputed practice in the Middle District for some ten years to be present for processing. The supervisor of the Williamsport office of the Marshals Service, James

Cunfer, asserts that defense counsel has no right to be present for processing, that he is required to take the defendant to a secure area of the office for that purpose, and that no one else, including defense counsel, is permitted in that area.

A recurrence of the dispute is plainly foreseeable. We therefore will take the opportunity to address the objections raised by Attorney Byrd when contacted by the court and in a letter from Attorney Byrd dated August 12, 1998, and received by the court on August 13, 1998.

The objections raised to the refusal of the Marshals Service to permit counsel into the secured area during processing were twofold: First, there is a right to counsel during processing, or at least when the defendant is questioned. Second, defendants are under emotional strain at that point, so that counsel is necessary to guide them through the proceedings. In her letter, Attorney Byrd added the position that Fed.R.Crim.P. 5(c) prohibits the taking of any "statement" from the defendant following an initial appearance before a magistrate judge.

### (A) Right to Counsel

■ The right to counsel is guaranteed to a criminal defendant by the Sixth Amendment to the Constitution of the United States, which provides in relevant part, "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to the assistance of counsel attaches when adversary judicial proceedings are begun, *Michigan v. Jackson,* 475 U.S. 625, 629, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986); *United States v. Arnold,* 106 F.3d 37, 40 (3d Cir.1997), but applies only to "critical stages" of the proceedings. *Jack-*

son, 475 U.S. at 630, 106 S.Ct. 1404; *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Henderson v. Frank,* 155 F.3d 159, —— (3d Cir.1998). Deliberate efforts by the government to elicit information from the accused are "critical stages." *Jackson,* 475 U.S. at 630, 106 S.Ct. 1404.

■ In *Jackson,* the Supreme Court noted that the Fifth Amendment also is a source of the right to counsel during post-arraignment, custodial interrogation. However, it added that the Sixth Amendment "requires at least as much protection as the right to counsel at any custodial interrogation." *Jackson,* 475 U.S. at 632, 106 S.Ct. 1404. In this case, Hoyt already had pled guilty at the time that processing was to take place, and there can be no valid assertion of a right against self-incrimination at such a time. For these reasons, we limit our consideration to the Sixth Amendment.[1]

■ The issue raised by counsel's objection to her preclusion from the secure area during processing is whether processing is a "critical stage." To answer this question, the court looks to "whether the presence of counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself." *Wade,* 388 U.S. at 227, 87 S.Ct. 1926. Moreover, the court must consider "whether potential substantial prejudice inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Id.* Compare *Wade* (pre-trial lineup is critical stage); *Henderson* (pre-trial suppression hearing is critical stage); *United States v. Garrett,* 90

---

1. While we so limit our analysis, we note that the Fifth Amendment also does not appear to bar processing in the absence of counsel. No custodial interrogation occurs because the information sought is for purposes of identification and location of the defendant, and questioning is not for the purpose of eliciting incriminating information. *See Brewer v. Williams,* 430 U.S. 387, 399–400, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) ("custodial interrogation" where police officer made statements, the "Christian burial speech," designed to elicit incriminating statements from

arrestee). Of course, if in another case information disclosed during processing somehow became incriminating and the government intended to use it at trial, counsel could move to suppress the same. However, as conceded by Attorney Byrd, Letter Dated August 12, 1998, at 2, the "routine booking exception" to the *Miranda* rule, *see generally Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), permits biographical data necessary to complete booking or pretrial services. *Pennsylvania v. Muniz,* 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990).

F.3d 210, 212 (7th Cir.1996) (defendant has right to assistance of counsel for motion to withdraw guilty plea and in deciding whether or not to plead guilty); *Robinson v. Norris,* 60 F.3d 457, 460 (8th Cir.1995) (post-trial motion for new trial based on ineffective assistance of counsel is critical stage), *reh'g, reh'g en banc denied, cert. denied,* 517 U.S. 1115, 116 S.Ct. 1344, 134 L.Ed.2d 492 (1996); *with United States v. Doherty,* 126 F.3d 769, 782 (6th Cir.1997) (no right to counsel during interstate extradition proceeding because question of guilt or innocence not involved; quoting *Judd v. Vose,* 813 F.2d 494, 497 (1st Cir.1987)), *cert. denied,* —— U.S. ——, 118 S.Ct. 2299, 141 L.Ed.2d 159 (1998); *United States v. Gordon,* 4 F.3d 1567, 1571–1572 (10th Cir.1993) (no right to counsel during pre-sentence interview, which is not a critical stage due to non-adversarial role of probation officer), *cert. denied,* 510 U.S. 1184, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994).

The processing of defendants by the Marshals Service, whether pre-trial or pre-sentencing, involves the use of a questionnaire designed to elicit information which will facilitate identification and location of the defendant, if necessary. U.S. Department of Justice Form USM–312 (last revised December 18, 1980). According to Mr. Cunfer, the form itself no longer is filled out. Rather, the Deputy Marshal will ask the defendant for the information and enter it directly into a computer. It is common practice for similar information to be collected by police when a defendant is arrested. Processing also involves fingerprinting and photographing the defendant, neither of which is the subject of the current controversy.

In a similar case, the Seventh Circuit held that routine questions during processing do not implicate the Sixth Amendment:

> There is nothing inherently adversary when police elicit information from a suspect to help identify him. To complete the booking form, police often take a suspect's fingerprints, photograph him, and ask his name, address, and other routine questions. If this process produces misleading or inaccurate information, the accused's attorney may explain it at trial. *See Gilbert [v. California,* 388 U.S. 263, 267, 87 S.Ct.

1951, 1953, 18 L.Ed.2d 1178 (1967)]. Indeed, asking questions during processing may help police accurately identify a suspect, as here where Robinson initially insisted that he was his own brother. Processing thus may alleviate the potential for misidentification that prompted the Court to hold the pretrial lineup to be a critical stage in *Wade.* Because the risk of prejudice to a defendant during processing is slight, we hold that processing is not a critical stage of the prosecution, and thus Robinson had no sixth amendment right to counsel at that time.

*Robinson v. Percy,* 738 F.2d 214, 219 (7th Cir.1984), *abrogated on other grounds, Patterson v. Illinois,* 487 U.S. 285, 295 n. 8, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988) (referring to standard for post-indictment waiver of right to counsel). *See also United States v. Guiterrez,* 92 F.3d 468, 471 (7th Cir.1996) ("Prior to or after arresting a suspect, law enforcement officers may ask preliminary questions as to identity, but they may not conduct a custodial interrogation").

Attorney Byrd also made a more generalized statement that the information provided to the Marshals Service may be used by the government in certain types of cases. As noted, the Fifth Amendment is not applicable in this case because of the guilty plea. Such concerns may be raised in cases in which they are applicable, though instances in which Fifth Amendment concerns would be legitimate are limited by *Pennsylvania v. Muniz, see* footnote 1, above. Moreover, a general procedure is in place for specific purposes. We will not alter that procedure for an unripe, generally inapplicable question under the Fifth Amendment.

We conclude that processing by the United States Marshals Service is not a critical stage to which the Sixth Amendment right to counsel applies. A defendant therefore does not have the right to be accompanied by counsel into the secure area of the Marshals' office when taken for processing pursuant to a standard order of release pending trial or sentencing.

### (B) Emotional State

Counsel's second objection to her preclusion from the secure area of the Marshals'

office was that her clients are in an emotionally vulnerable state and need the support of counsel. While we certainly may sympathize with defendants who undergo this difficult experience for the first time, no constitutional right is created thereby. Of course, one may also note that many criminal defendants are not so inexperienced with the process of being prosecuted. This is especially so in the Williamsport Division, which sees many criminal cases involving some of the approximately 6,000 federal inmates within 25 miles of the courthouse. Moreover, Mr. Cunfer indicates that the limitation on access to the secure area applies to all persons not Marshals Service personnel, persons in custody, or other defendants, and is in place for safety and security purposes. While it may be that individual defendants pose less risk than others, we see no reason to second-guess a Marshals Service policy of exclusion which would eliminate the need to make such a judgment. The emotional impact on defendants simply takes a back seat to considerations of security and safety.

To all of this, we would add Justice Frankfurter's statement made in the context of considering interlocutory appeals: "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940). The same principle applies to such things as publicity surrounding a prosecution, having one's home and belongings subject to a lawful search, being detained, fingerprinted, photographed, etc., and facing some such situations on one's own.

### (C) Rule 5(c)

The Rule of Criminal Procedure cited by counsel reads in relevant part:

> ... The magistrate judge shall inform the defendant that the defendant is not required to make a statement and that any statement made by the defendant may be used against the defendant....

Fed.R.Crim.P. 5(c) (referring to an initial appearance before a magistrate judge following arrest). This portion of Rule 5(c) is merely a restatement of a part of the *Miranda* rule, *see* footnote 1, above, and we see

no reason that the routine booking exception would not apply with equal force to a "statement" under Rule 5(c) as it does to a "statement" elicited from a defendant under *Miranda*.

### III. CONCLUSION

Hoyt will be directed to return for processing by the U.S. Marshals Service. Counsel may accompany her, but the court will not direct the Marshals to permit counsel into the secure area of the Marshals' office.

An order consistent with this memorandum will issue.